HAMITER, Justice.
 

 Alleging that she and her husband, John Ard, have lived separate and apart continuously during more than two years, plaintiff, Una Bell Burkhalter Ard, insti
 
 *872
 
 tuted this action against him praying for a divorce decree. Additionally, she prayed to be awarded the care, custody and control of their minor children, John Ard, Jr., and Little Sarah Ard, and to be granted alimony for the children’s support in the sum of $25 per month.
 

 Plaintiff, after a regular hearing, recovered a judgment of. divorce; otherwise her demands were rejected. The care, custody and control of the minors was given to defendant.
 

 This appeal, restricted to the matter of the children’s custody, was obtained and perfected by plaintiff.
 

 Revised Civil Code, Article 157, as amended, provides in part: “In all cases of separation and of divorce the children shall be placed under the care of the party who .shall have obtained the separation or divorce unless the judge shall, for the greater .advantage of the children, order that some or all of them shall be entrusted to the ■care of the other party. * * * ”
 

 Under that codal provision the .awarding of the custody of children in separation and divorce actions addresses itself largely, but not exclusively, to the ■discretion of the trial judge. In the exercise of that discretion, it is essential that consideration be given to the children’s welfare and best interests according to the circumstances existing when he is called upon to act. As a general rule the mother’s right to the custody is preferred to that •of the father. This preference does not obtain in exceptional cases, however, where it is to the greater advantage of the children that they be entrusted to the care of the father. Black v. Black, 205 La. 861, 18 So.2d 321; White v. Broussard, 206 La. 25, 18 So.2d 641; Willis v. Willis, 209 La. 205, 24 So.2d 378.
 

 The note of evidence in the transcript of this cause shows that plaintiff and the defendant, a colored tenant farmer, were married in 1933. She departed from the matrimonial domicile in 1937 (and has never since returned), leaving her two children (the girl then only a few months old and the boy about three years of age) in the care of the father, tier departure, she claims, was due to cruel treatment by defendant; this he denies.
 

 Plaintiff’s first efforts to obtain the legal custody of the children following the abandonment occurred in 1945 through the institution of this suit, although she testified that on several occasions she requested defendant to give them to her. During the intervening eight years and up until the time of the trial, the boy was reared entirely by the father, while the girl was cared for partly by the father but principally by a paternal aunt, Sarah Brumfield, who was made a party to this suit; and, according to several reputable disinterested witnesses, both have received and are receiving all possible care, support and advantage. On the other hand, very little interest in or attention to the children, if any, has been displayed by plaintiff since she abandoned them.
 

 
 *874
 
 In support of his judgment herein, •awarding the custody of the children to defendant, the trial judge assigned no written reasons. Obviously, he concluded that this is one of those exceptional cases wherein children are entrusted to the father, rather than to the mother, when it is for their greater advantage. Under the circumstances shown by the record we can not say that in reaching his conclusion he has abused the discretion vested in him. For a mother to deliberately abandon her children of very tender ages, to make no effort to secure their legal custody for eight years, and to be generally disinterested in them for that long period, as was the case with this mother, are factors that combine to strongly indicate that she is unconcerned with their welfare, incapable of caring for them, and unsuited for their custody.
 

 The judgment is affirmed.