41 So.2d 456

**SAMPOGNARO v. SAMPOGNARO.**

No. 38895.

May 31, 1949.

Joseph C. Brocato, Shreveport, for defendant-appellant.

Dhu Thompson, Monroe, for plaintiff-appellee.

PONDER, Justice.

The plaintiff brought suit against the defendant, his wife, for divorce under the provisions of Act 430 of 1938 alleging that he and his wife had lived separate and apart for more than two years. He asked for custody of their two minor children and a dissolution and settlement of the community. The defendant reconvened and asked for the custody of the children, for alimony in the amount of $150 semimonthly, and at—

torney's fees. The trial judge gave judgment granting the plaintiff a divorce, awarding him the custody of the children, awarding the wife alimony in the sum of $25 per month, and awarding her $50 for attorney's fees. The defendant was granted the right to see the children at reasonable times and places. The defendant has appealed.

The only issues urged on this appeal are the controversy over the custody of the children and the amount of alimony to be awarded.

We have entertained appeals from two suits between these parties on prior occasions. In the first appeal, where the parties sought separation on different grounds, we affirmed the judgment of the lower court rejecting the demands of both parties. We stated in our opinion in that case that perhaps the refusal of the husband to receive his wife on her return to the domicile constituted abandonment. Sampognaro v. Sampognaro, 211 La. 105, 29 So.2d 581. The second appeal was taken from a judgment of the lower court rejecting the defendant's demand for separation on the ground of abandonment. We dismissed that appeal because a judgment had been rendered in the present suit granting an absolute divorce while the suit for separation was pending. Sampognaro v. Sampognaro, 213 La. 814, 35 So.2d 742.

The evidence adduced in these prior suits was admitted in the trial of this case. From our examination of the evidence, we find nothing to reflect on the moral fitness of the defendant. The defendant lives with her father, who is in good financial circumstances. The home she lives in and the environment is good. The same may be said of the home of the plaintiff. In fact, it appears that the children would be well cared for in either of these homes. The trial judge was of the opinion that it was to the best interest and advantage of the children to award their custody to the father. The children are boys, now seventeen years and fourteen years of age. The trial judge lays stress on the fact that the mother sent the children back to the father when he had sent them to visit her because she did not have accommodations for them. This happened sometime ago. At that time her father's house was crowded and there was not room for them. Since that time, the defendant's brother and his family have moved from the home of the defendant's father. It appears that there is ample accommodations for the children at this time. It should not operate against the defendant because she was not able at one time to accommodate them.

We are reluctant to upset a judgment of a trial court in matters involving the custody of children. However, under the well settled jurisprudence of this state, the mother has the paramount right to the custody of the children, unless she be morally unfit or it is to the greater advantage of the children for them to be entrusted to the care of their father.

A review of the decisions of this Court reveals that the custody of children is awarded to the father in exceptional cases where it would be to their greater advantage. The general rule is that the mother's right to the custody of the children is preferred to that of the father and it is only in exceptional cases where it is to the greater advantage of the children that their custody is entrusted to the father. Ard v. Ard, 210 La. 869, 28 So.2d 461.

■ From our review of the record, we do not find this to be one of those exceptional cases where it would be of greater advantage to the children to award their custody to the father. They would be well cared for in either home and the environment is equally good. Under the evidence in this case, there is no substantial reason to deny the mother the custody of these children.

■ Whenever we are unable to concur in the conclusions reached by the trial court that it is to the greater advantage to the children to be entrusted to the care of their father rather than the mother, the mother is entitled to have the decree annulled and their custody awarded to her. Willis v. Willis, 209 La. 205, 24 So.2d 378.

■ The evidence shows that the father is receiving a salary of $184 per month, without any tax being deducted. The trial court allowed the defendant $25 per month, which would indicate that it did not find the wife at fault. We have examined the record and it would appear that if there is fault it is equal on the part of both parties. Since we have arrived at the conclusion that the defendant is entitled to the custody of the children, the alimony should be increased. Under the evidence in this case, $75 per month would be a reasonable amount.

■ In the closing paragraph of the appellant's brief it is stated that the attorney's fees awarded by the lower court should be increased to $250. No reason is advanced for the increase and no authorities are cited to that end. The record contains no testimony as to the extent and value of the services of the attorney. Under such circumstances, we see no reason to disturb the judgment of the lower court in this respect.

For the reasons assigned, the judgment of the lower court is reversed and set aside insofar as it awards the custody of the minor children to the plaintiff; the award of alimony is amended so as to order the plaintiff to pay the defendant $75 per month for the support of herself and her two children. The custody of the two minor children, Joseph and John Sampognaro, is hereby awarded to the defendant, Sarah Cordaro Sampognaro, with the right of the plaintiff to see the children at reasonable times and places. All costs to be paid by the plaintiff, appellee.

O'NIELL, C. J., takes no part.