59 So.2d 424

**GUILLORY v. GUILLORY.**

No. 40233.

April 28, 1952.

Rehearing Denied June 2, 1952.

Paul C. Tate, Mamou, Roderick L. Miller, New Orleans, for appellant.

Jack C. Fruge, Ville Platte, for appellee.

PONDER, Justice.

The appellant is appealing from a judgment dismissing a rule for the custody of her minor child.

The appellant left her husband, Elvin Guillory, and the minor child, Nerrel Wayne Guillory, issue of their marriage, during the night of September 25, 1948 with one Tillman Guillory, with whom she lived in open adultery and concubinage until October 18, 1948 when her husband secured a divorce from her on the grounds of adultery, at which time he was granted the permanent custody of the child. She executed an affidavit before a notary public on October 31, 1948, surrendering the custody of the child and abandoning all her rights to it in favor of its father. She thereafter married Tillman Guillory on November 19, 1948. She sought by rule to obtain the custody of the child on October 11, 1950; after hearing the rule was dismissed. The appellant has appealed.

The appellant contends that she is entitled to the custody of the child because she and her second husband have established a reputable home and are sufficiently able to support it. She takes the position that her moral fitness must be governed by the facts and circumstances existing at the time the court is called upon to act.

A mother is entitled to the custody of her child unless it be shown that she is morally unfit or that it would be a greater advantage to award its custody to its father. The paramount consideration in determining to whom the custody of the child should be granted is the welfare of the child. In awarding the custody of the child a large discretion is left to the trial judge, which, of course, is subject to review. A reasonable latitude must be left to the trial judge and his judgment is entitled to great weight. These pronouncements of law are so well established and have been so often repeated in the jurisprudence of this state that it is unnecessary to

cite authorities to support them. There seems to be no dispute regarding them other than that appellant contends that her moral fitness must be determined by the facts and circumstances existing at the time the rule was filed. We cannot agree with the contention because all of the facts and circumstances from the time that the appellant abandoned her husband and child must be taken into consideration in arriving at what is the best interest of the child. This case, as in many cases involving the custody of children, resolves itself into a question of fact. Under the facts in the case, we cannot say that the trial judge abused his discretion. The child since its infancy has spent a greater part of its time with its paternal grandparents where its father and it are now living. The evidence shows that this is a respectable home and that the child is well cared for. It is presently attending school. The appellant makes much of the fact that the father of the child subsequently married and separated from his second wife and the fact that he is now employed as the manager of a night-club, some eighty miles away. She seems to think that because the father only visits the child two or three times a week should have a bearing on the case. However, she does not point out a single fact to show the child is not receiving every care in the home of its grandparents. We can only determine the future from what has happened in the past. The father has always thought of and looked after the welfare of the child, but the appellant has not.

Under the circumstances we cannot say that it would be to the best interest of the child to change the custody of it or that the trial judge abused his discretion in refusing to do so.

For the reasons assigned, the judgment is affirmed at appellant's cost.