FRUGÉ, Judge.
This is an appeal by plaintiff from that part of a judgment awarding custody of a minor child to defendant.
Plaintiff, Carol Byrd, and defendant, John Byrd, were married August 22, 1953. Of this marriage, two children were born, Johnathan Byrd, born September 28, 1954; and Teri Byrd, born September 25, 1957.
On September 9, 1958, plaintiff sued for separation a mensa thoro; custody of the two minor children and alimony for herself and the two children alleging cruelty as the basis for the separation. Defendant answered generally denying cruelty and in reconvention sought the custody of the two minor children; and a final divorce on the grounds of adultery. The trial judge found that the plaintiff had not shown that she and defendant had lived separate and apart from the date of the last act of violence and the date of the actual separation. Therefore he found that the plaintiff had not made out her case. However, he found that the defendant had conclusively shown that plaintiff had been guilty of adultery and granted a divorce a vinculo matrimonii, to plaintiff in recon-vention, Mr. Byrd. As to the custody of the two children, Johnathan and Teri Byrd, he found that:
“After a thorough consideration of the matter, the Court is of the opinion that it is to the best interest of the minor son, [Johnathan Byrd] that the permanent care, custody and control of said minor be awarded to his father, John W. Byrd, with the right of the mother, Carol Byrd, to visit the said child at reasonable times and hours.
“The minor daughter, born of the marriage between the parties, namely, Teri Byrd, was born September 25, 1957, which makes her approximately one and one-half years of age. The Court is of the opinion that because of the tender age of said child that the custody of same should be awarded to the mother, Carol Byrd, with the right *795 of the father, John W. Byrd, to visit said child at reasonable times and hours.”
The trial court further awarded $50 alimony per month for the support of the minor daughter, Teri Byrd. Plaintiff, Carol Byrd, has appealed the judgment only “insofar as it awards the custody of Johnathan Byrd to defendant.”
The plaintiff contends that the mother has a paramount right to the custody of the minor children and that unless the mother is unfit or incapable of caring for the children then it is generally to the best advantage or interest of the children that they be with their mother; that there was no evidence that the mother was unfit and therefore she should have custody of the child; furthermore there is no evidence that Johnathan’s best interests will be served by being in the custody of his father and separated from his sister, Teri. On the other hand the defendant contends that the trial judge has great discretion in custody cases and that wide latitude is allowed; and that although the trial judge’s discretion is subject to review and control the appellate court will not disturb that judgment unless the trial judge abused his discretion; that the rule that the mother has the superior right to custody of her children is not absolute but must yield to the welfare and best interests of the child, and for these reasons the trial judge did not abuse his discretion in awarding custody of the child, Johnathan, to his father. Both plaintiff and defendant have cited ample authority in support of their respective theories and positions. Each case, and authorities thereunder, cited by plaintiff and defendant will not be discussed individually as such, however, in view of our discussion of the law and application thereof below we do not deem it necessary to dispose of each contention made by counsel.
The issue, therefore, is whether or not the trial judge abused his discretion in granting custody of the minor boy, Johnathan Byrd, aged four and one-half years at the date of trial, to his father.
The applicable statutory law is embodied in LSA-C.C. Art. 157 which states the rule thusly:
“In all cases of separation and of divorce the children shall be placed under the care of the party who shall have obtained the separation or divorce unless the judge shall, for the greater advantage of the children, order that some or all of them shall be entrusted to the care of the other party. * * * ” (Emphasis added.)
In Messner v. Messner, 240 La. 252, 122 So.2d 90, 93, with appropriate citation of authority, Justice Simon [1] stated the jurisprudence to the effect that:
“Under the law and settled jurisprudence of this State, the trial judge has the discretion of awarding the custody of a child whose parents are legally divorced in accordance with the circumstances * * * when he is called to act. Although this discretion is subject to review and control by us, we are usually reluctant to reverse a judgment in these instances, unless we find annd conclude that the trial judge has abused the discretion vested in him. (Citations omitted.)
“We have also consistently recognized that the paramount consideration in determining to whom the custody of a child should be given after the divorce, a complex and grievous responsibility which too often prays upon one’s heart, is the welfare, happiness and best interest of the child. In doing justice to this principle, this Court has consistently awarded the custody of minor children to the mother unless she has been found morally or otherwise unfit, or unless she is incapable of giving them proper care and guidance. ' (Citations omitted.)”
*796 Nevertheless, an abundance of cases, the citation of which would serve no useful purpose, state the rule that the sole question in determining custody is concerned with the welfare of the minor. And in this respect it is left to the discretion of the trial court, who has wide latitude in this determination. See Ard v. Ard, 210 La. 869, 28 So.2d 461; State ex rel. Guinn v. Watson, 210 La. 265, 26 So.2d 740; Kieffer v. Heriard, 221 La. 151, 58 So.2d 836; Guillory v. Guillory, 221 La. 374, 59 So.2d 424. Although a mother is entitled to the custody of her child, nevertheless if she be morally unfit or if it is to the greater advantage of the child custody will be awarded to the father; and the paramount consideration in determining to whom custody of the child should be granted is the welfare of the child. See Guillory v. Guillory, supra. The trial judge found that it was to the greater advantage of the boy, Johnathan Byrd, to be in the custody of his father, John Byrd.
 The record reveals a continuous and habitual form of adultery on the part of Mrs. Byrd over a range of years with the co-respondent, Lemeur. It ultimately caused two broken homes (hers and that of her paramour, Lemeur) and divorces, in which each was named co-respondent (Lemeur by her husband, Mr. Byrd in the instant suit, and Mrs. Byrd by Mrs. Lemeur in her separate suit). The evidence is so strong and overwhelming that we have no hesitancy whatever in completely affirming the finding of the trial court. We are convinced from a reading and evaluation of the evidence in the record that Mrs. Byrd is morally unfit to have the custody of the boy. The boy has reached the age where he will begin to wonder and ask questions. Since we must consider the welfare of this boy, it is eminently fitting and proper that his welfare is unquestionably better secured by remaining with his father.
After having considered the record, this court finds that the trial judge did not abuse his discretion in awarding to John Byrd the custody of his minor son.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal to be paid by plaintiff-appellant.
Affirmed.

. Thee authorities cited by Justice Simon included those that were cited by both plaintiff and defendant in the case at bar.