HERGET, Judge.
On October 11, 1960 plaintiff, Jack L. Stevens, instituted suit against his wife, *755 Hilda Hutson Stevens, making the allegation the parties had lived separate and apart for more than two years previous thereto entitling them to a divorce. In said petition allegation was made he was informed by his wife she had obtained a divorce from him previously in Mississippi and subsequent thereto she had married one William Walters. That said William Walters was at the time of the filing of the suit incarcerated in the East Baton Rouge Parish jail on charges of molesting Plaintiffs daughters, Marilyn Louise Stevens and Debra Ann Stevens, born of the marriage with Defendant. Plaintiff further alleged, on information and belief, Defendant’s daughter by a previous marriage, Carolyn Hughes, had had an illegitimate child whose father was William Walters; that petitioner’s wife did not desire to have the said William Walters prosecuted for the offenses. Petitioner prayed for a divorce and for the permanent care and custody of the children born of the marriage. On a trial of this suit, Honorable Joe W. Sanders, then Judge of the Family Court, on October 17, 1960, rendered judgment in favor of plaintiff, Jack L. Stevens, and against defendant, Hilda Hutson Stevens, granting a divorce “a vinculo matrimonii” and placed the three minor children of the marriage, William Alton Stevens, Marilyn Louise Stevens and Debra Ann Stevens, provisionally in the custody of their maternal aunt and uncle, Mr. and Mrs. Teddy A. Wilson, Route 2, Osyka, Mississippi, until further order of the Court. Judge Sanders further ordered a social study to be made in regard to the custody of the three minor children and fixed visitation rights of the father and mother, restricting same to visitation only in the presence of Mrs. Teddy A. Wilson.
On March IS, 1961, on motion of defendant Hilda Hutson Stevens, a rule nisi was issued returnable the 20 day of March, 1961, against plaintiff Jack L. Stevens, before Honorable C. Lenton Sartain, who succeeded Honorable Joe W. Sanders as Judge of the Family Court, calling upon Mr. Stevens to show cause why Hilda Hutson Stevens should not be awarded the care, custody and control of the three minor children, named supra, born of the marriage.
From a judgment in favor of plaintiff and defendant in rule, Jack L. Stevens, against defendant and plaintiff in rule, Hilda Hut-son Stevens, on November 15, 1961, in accordance with oral reasons assigned but dictated in the record by Honorable C. Len-ton Sartain, Trial Judge, awarding the permanent care, custody and control of the children to Jack L. Stevens, the father, defendant and plaintiff in rule, Hilda Hutson-Stevens, prosecutes this appeal.
The evidence discloses Jack L„ and Hilda Hutson Stevens were married in November, 1945 and of said marriage three children were born: William, Marilyn and' Debra Ann, who, on the date the petition for divorce was filed, were 14, 10 and 6 years of age, respectively. In 1957 Mrs. Stevens represented to her husband that she had obtained a divorce from him in Mississippi and had subsequently married William L. Walters in Orange, Texas and was living with him. On the trial of this-case she was unable to produce any evidence of either her divorce from Mr. Stevens or marriage to Mr. Walters. The evidence reveals that Plaintiff, Defendant in Rule, having been apprised by his wife of the fact she had divorced him, believing same, married Dolores Hutson. However, upon being informed by Defendant, Plaintiff in Rule, subsequently that in truth and in fact she had not obtained a divorce from him, he brought the present action in which a judgment of divorce was awarded in his: favor, and he then married Dolores Hut-son. Subsequent to the decree of divorce in the present case, Mr. Walters obtained a divorce from his former wife and he and Defendant, Plaintiff in Rule, were married. On the date of the trial Mr. and Mrs. Walters had no children born of their marriage but there was born one child of the marriage of Plaintiff and Defendant in Rule, Jack L. Stevens and Dolores Hutson Stev *756 ens. The evidence further shows that upon information furnished to Defendant, Plaintiff in Rule, by her daughter Carolyn Hughes, born of a marriage previous to her marriage to Mr. Stevens, that she was pregnant and Mr. Walters was the father of the child, and, in addition, William Walters had been sexually molesting Marilyn and Debra Ann, Defendant, Plaintiff in Rule, instituted criminal charges against Mr. Walters, in consequence of which he was incarcerated. However, after the case was presented to the Grand Jury, that body saw fit to find a “No True Bill”. Subsequent to his release upon such finding, Defendant, Plaintiff in Rule, and Mr. Walters resumed their marital relations and this rule nisi was filed by her to obtain custody of her children.
Learned counsel for Appellant contends the action on the part of the Trial Court in denying the custody of the children to the wife in this instance resulted from his erroneous conclusion that the filing of the criminal charges on which the Grand Jury saw fit to find a No True Bill was sufficient justification for his action and for this Court to give sanction to such erroneous conclusion would invite those seeking custody of children in the future to merely file a criminal charge against the other party and thereby, armed with this fact, obtain custody for themselves. In his understanding of the ruling of the Trial Court we respectfully suggest counsel has misinterpreted the basis on which the Trial Court awarded custody of the children of this marriage to Mr. Stevens. Its reasons for judgment, portions of which we quote with approval, were as follows:
“It should be noted at this time that this matter is being decided by the Court on the testimony given at the hearing on a rule filed by the defendant, directed to the plaintiff, to show cause why she should not be given the care, custody and control of these minor children. The Court is making that point at this time because it does not want the inference to arise that this decision is in any way based on the social study, though the same was requested by the parties at the time.
‡ ‡ ‡ ‡ ‡
“ * * * This Court is inclined to believe and does find as a matter of fact that the testimony of Marilyn on the first day of this trial on the rule is the more creditable of the two days testimony. The Court had given specific instructions that neither of the parents of this child was to visit with or discuss this case with any of the three children and while certainly it is the prerogative of this child to change her testimony and the Court would expect her to tell the truth the Court cannot but look on her testimony the second day with a great deal of suspicion.
* * * * * *
“There is no doubt in the Court’s mind that the defendant in this case, the plaintiff in rule, loves her children or that she thinks she has done anything contrary to their best interest. Yet this Court does not feel, and so holds, that the four year common law relationship between the defendant and William L. Walters and the ultimate allegations against Walters for sexually molesting the children of the defendant is not the proper atmosphere to raise children. And should the defendant in rule be given these children the Court believes that they would be returned to the same atmosphere, the same surroundings and that considerable further damage would result to Marilyn Louise Stevens.”
It therefore is apparent the motivating factors of the Trial Judge in awarding the custody of these children to Plaintiff resulted from the exercise of his discretion, giving consideration to the paramount issue raised when confronted with the difficult problem of fixing custody of minor *757 children that such must he done upon determining the best interest of the child.
It would serve no useful purpose to make public documentation of the sordid atmosphere shown to exist in the home of Mr. and Mrs. William Walters. Suffice it to say we are in accord with the finding of the Trial Judge, portions of his reasons therefor having been quoted supra, and adopt same as our own.
We believe the law to be well settled in Salley v. Salley, 238 La. 691, 116 So.2d 296, wherein at page 297 of 116 So.2d the Court said:
“The law which governs this case has been stated in Kieffer v. Heriard, 221 La. 151, 58 So.2d 836, 838, thus:
“ ‘Under the provisions of Article 157 of the Civil Code and the jurisprudence of this court, the custody of a child whose parents have been legally divorced is left largely to the discretion of the trial judge under circumstances shown to exist when he is called upon to act. This discretion is not, however, unlimited but is subject to review and control by this court. Nevertheless, this court is reluctant to upset a judgment of the trial court in matters involving the custody of a child and will not do so except in cases where it is shown that the judge has abused the discretion vested in him. See Black v. Black, 205 La. 861, 18 So.2d 321; Sampognaro v. Sampognaro, 215 La. 631, 41 So.2d 456. * * * *
And in Byrd v. Byrd, La.App., 128 So.2d 794, at pagre 795, wherein the Court observed :
“The applicable statutory law is embodied in LSA-C.C. Art. 157 which states the rule thusly:
. “ ‘In all cases of separation and of divorce the children shall be placed under the care of the party who shall have obtained the separation or divorce unless the judge shall, for the greater advantage of the children, order that some or all of them shall be entrusted to the care of the other party. * * * (Emphasis added.)’
“In Messner v. Messner, 240 La. 252, 122 So.2d 90, 93, with appropriate citation of authority, Justice Simon stated the jurisprudence to the effect that:
“ ‘Under the law and settled jurisprudence of this State, the trial judge has the discretion of awarding the custody of a child whose parents are legally divorced in accordance with the circumstances * * * when he is called to act. Although this discretion is subject to review and control by us, we are usually reluctant to reverse a judgment in these instances, unless we find and conclude that the trial judge has abused the discretion vested in him. (Citations omitted.)
“ ‘We have also consistently recognized that the paramount consideration in determining to whom the custody of a child should be given after the divorce, a complex and grievous responsibility which too often prays upon one’s heart, is the welfare, happiness and best interest of the child. In doing justice to this principle, this Court has consistently awarded the custody of minor children to the mother unless she has been found morally or otherwise unfit, or unless she is incapable of giving them proper care and guidance. (Citations omitted.)’
“Nevertheless, an abundance of cases, the citation of which would serve no useful purpose, state the rule that the sole question in determining custody is concerned with the welfare of the minor. And in this respect it is left to the discretion of the trial court, who has wide latitude in this determination. See Ard v. Ard, 210 La. 869, 28 So.2d 461; State ex rel. Guinn v. *758 Watson, 210 La. 265, 26 So.2d 740; Kieffer v. Heriard, 221 La. 151, 58 So.2d 836; Guillory v. Guillory, 221 La. 374, 59 So.2d 424. Although a mother is entitled to the custody of her child, nevertheless if she he morally unfit or if it is to the greater advantage of the child custody will be awarded to the father; and the paramount consideration in determining to whom custody of the child should be granted is the welfare of the child. See Guillory v. Guillory, supra. The trial judge found that it was to the greater advantage of the boy, Johnathan Byrd, to be in the custody of his father, John Byrd.”
For these reasons the judgment is affirmed.
ELLIS, J., recused.