160 So.2d 765 (1964)
Max R. ANTONY, Plaintiff and Appellee,
v.
Bonnie G. ANTONY, Defendant and Appellant.
No. 1072.
Court of Appeal of Louisiana, Third Circuit.
February 18, 1964.
*766 Gahagan & Gahagan, by Russell E. Gahagan, Natchitoches, for defendant-appellant.
Jess L. Funderburk, Jr., Leesville, for plaintiff-appellee.
Before CULPEPPER, FRUGE and HOOD, JJ.
HOOD, Judge.
This is an action for divorce on the grounds of adultery and for the custody of a minor child, issue of the marriage of the parties. The suit was instituted by Max R. Antony against his wife, Bonnie G. Antony. The defendant filed an answer and a reconventional demand, in which she denies the allegations of adultery and reconvenes for a judgment of separation from bed and board against her husband on the grounds of public slander and cruelty. In her reconventional demand the defendant wife also prays for judgment awarding her the custody of the child and attorney's fees. After trial, judgment was rendered by the trial court in favor of plaintiff granting an absolute divorce between the parties, awarding to plaintiff the custody of the minor child, and rejecting defendant's reconventional demands. Defendant has appealed.
Defendant contends primarily that the evidence is not sufficient to support the finding of the trial judge that she committed adultery, and accordingly, that the trial judge erred in granting plaintiff a final divorce.
It is settled in this State that the unfaithfulness of a spouse may be established by indirect or circumstantial evidence, since adulterous acts can seldom be proved by direct or positive testimony. When the proof in these cases consists solely of circumstantial evidence, however, the circumstances and facts established must be such as to lead fairly and necessarily to the conclusion that adultery has been committed as alleged in the petition, and the evidence must be so convincing as to exclude any other reasonable hypothesis but that of guilt. Hayes v. Hayes, 225 La. 374, 73 So.2d 179; Pilgrim v. Pilgrim, 235 La. 112, 102 So.2d 864; Fister v. Fister, La.App. 3 Cir., 131 So.2d 103; Savin v. Savin, 218 La. 754, 51 So.2d 41.
In this case the uncontradicted evidence shows that defendant voluntarily abandoned her husband on November 27, 1962, and thereafter for a period of almost four months, from December 23, 1962, until about the middle of April, 1963, she lived in a residence building which was owned, refurnished and made available to her rent-free by the man who is named in plaintiff's petition as the corespondent. The evidence shows that the corespondent also was married, but that he separated from his wife shortly before Mrs. Antony abandoned her husband, and that the house which defendant occupied during the abovementioned four-month period was the one which the corespondent and his wife had occupied as their home while living together.
The testimony of witnesses called by the plaintiff is to the effect that on several occasions during this four-month period defendant and the corespondent spent relatively long periods of time together in the house where defendant was then living, after all of the lights in the house had been turned off late at night and while no one else was present in the house. The evidence also shows that on two occasions during that period defendant and the corespondent made overnight trips to Lake Charles, and that they occupied the same bedroom during each of those nights, with no one else present in the room.
*767 The defendant and the corespondent deny that any acts of adultery were committed by them as alleged. Both testified that the corespondent never lived in or spent the night with defendant in the residence building where defendant lived during the above-mentioned period, and they deny that they occupied the same bedroom on two trips to Lake Charles, as related by a witness called by plaintiff. They frankly state, however, that they have been in love with each other for some time, and that they plan to get married as soon as each obtains a divorce from his or her present spouse.
The trial judge, after analyzing all of the evidence in his excellent written reasons for judgment, specifically rejected the testimony of defendant and the named corespondent and he concluded that the defendant has committed adultery with such corespondent "on various occasions." In our opinion the evidence supports that conclusion. Although the proof consists largely of circumstantial evidence, we think the circumstances and facts established are such as to lead fairly and necessarily to the conclusion that adultery has been committed as alleged in the petition, and that the evidence excludes any reasonable hypothesis but that of guilt. We find no error, therefore, in the judgment rendered by the trial court in favor of plaintiff decreeing an absolute divorce between him and the defendant.
The defendant contends next that the trial judge erred in awarding the custody of their five-year-old minor son to plaintiff. She contends that the welfare, happiness and best interest of the child would be served most effectively by awarding the custody to her.
LSA-C.C. Article 157 provides that in cases of divorce the children shall be placed in the custody of the party who shall have obtained the divorce "unless the judge shall, for the greater advantage of the children, order that some or all of them shall be entrusted to the care of the other party."
In applying this article of the Civil Code, our Supreme Court has consistently recognized that the paramount consideration in determining to whom the custody of a child shall be given after the divorce is the welfare, happiness and best interest of the child. The general rule is that the mother's right to the custody is preferred, unless she has been found to be morally or otherwise unfit or unless she is incapable of giving the child proper care and guidance, and it is only in exceptional cases where it is to the greater advantage of the child that the custody be entrusted to the father. Sampognaro v. Sampognaro, 215 La. 631, 41 So.2d 456; Messner v. Messner, 240 La. 252, 122 So.2d 90; Kieffer v. Heriard, 221 La. 151, 58 So.2d 836; Pepiton v. Pepiton, 222 La. 784, 64 So.2d 3. On several occasions the courts of this State have awarded the custody of children to the mother even though the evidence established that she had committed acts of adultery. Estopinal v. Estopinal, 223 La. 485, 66 So.2d 311; Bush v. Bush, La.App. 4 Cir., 144 So.2d 119; Baasen v. Baasen, La.App. 2 Cir., 133 So.2d 908.
In the instant suit the evidence shows that the defendant took her minor son with her when she abandoned her husband on November 27, 1962, but she returned the child to plaintiff the following day, and the child has remained with his father continuously since that time. Plaintiff is regularly employed, he is of good moral character and he is able, financially and otherwise, to care for the child. He and the child live with plaintiff's mother and father in Leesville, and plaintiff's parents assist in caring for the boy.
The defendant mother is employed by the man who is named as corespondent in this suit, and although the evidence does not show her salary or income she states that she is financially able to care for the child. She offers no explanation, however, as to what arrangements could be made for *768 the child to be cared for and supervised while she is at work. Although plaintiff and the corespondent state that they plan to get married as soon as each obtains a divorce, neither had obtained a divorce prior to the rendition of the divorce decree in this suit, and we assume that there can be no certainty as to when or if the legal impediments to their proposed marriage can be removed. Also, it appears that in view of the conclusions reached here their plans may be complicated further by the provisions of Article 161 of the LSA-Revised Civil Code. We attach some importance to these facts because, aside from the issue relating to defendant's moral fitness, there is some question as to what type of home defendant could provide for her child if she should be awarded the custody. A question as to defendant's stability also is raised by her admission that on one occasion she threatened to commit suicide.
The trial judge held that in view of the fact that defendant has committed adultery "on numerous occasions," and considering her instability as evidenced by her threat to commit suicide, the "granting her custody of the minor child would be indefensible." The trial judge further concluded that defendant is "an unsuitable mother," and that "the welfare of Max Edwin Antony will be best served by placing him in the custody of his father, who appears to be devoted to his son and capable of rearing him in a proper environment."
The appellate courts of this State have uniformly held that a trial court's decision in a matter involving custody of a child will not be disturbed unless the record clearly reflects an abuse of discretion by the trial judge. Kieffer v. Heriard, supra; Sampognaro v. Sampognaro, supra; Bush v. Bush, supra; Stevens v. Stevens, La.App. 1 Cir., 147 So.2d 754; Messner v. Messner, supra; Baasen v. Baasen, supra.
After considering all of the facts and circumstances in this case, we cannot say that the trial judge abused his discretion in awarding the custody of Max Edwin Antony to plaintiff, and accordingly, we find no error in that portion of the trial court's judgment.
Defendant contends that the trial court erred in refusing to award her attorney's fees. In her answer to the original petition defendant alleged "That she has been forced to secure the services of an attorney to represent her herein, and that she desires and is entitled to have judgment in her favor and against her said husband for $500.00, to cover the cost of her attorney's fees." At the trial defendant offered no evidence whatever to support this allegation.
In Murphy v. Murphy, 229 La. 849, 87 So.2d 4, where the circumstances are somewhat similar to those presented here, our Supreme Court said:
"We think, however, that there is merit in defendant's claim that the trial judge erred in awarding plaintiff the amount of $250 as attorney's fees. Although she alleged that she was entitled to attorney's fees and prayed for judgment against the defendant therefor, she did not allege that she had paid counsel or obligated herself to pay in any amount, nor did she introduce any evidence to show the value of said services. Under the circumstances, the judgment granting attorney's fees was unwarranted. Scacciaferro v. Hymel, 206 La. 973, 20 So. 2d 284; Arnold v. Arnold, 186 La. 323, 172 So. 172."
Since there is a total lack of proof to substantiate an award of attorney's fees in this case, we think the trial court correctly refused defendant's reconventional demand for such fees.
For the reasons herein set out, the judgment appealed from is affirmed. The costs of this appeal are assessed to defendant-appellant.
Affirmed.