177 So.2d 659 (1965)
William A. ROSE, Plaintiff and Appellant,
v.
Mrs. Elizabeth Shutts ROSE, Defendant and Appellee.
No. 1450.
Court of Appeal of Louisiana, Third Circuit.
July 30, 1965.
*660 Patin & Patin, by J. Fred Patin, Lake Charles, for plaintiff-appellant.
Gibbons Burke, of Chaffe, McCall, Phillips, Burke, Toler & Hopkins, New Orleans, for defendant-appellee.
Before TATE, FRUGE and CULPEPPER, JJ.
CULPEPPER, Judge.
Plaintiff sued his wife for separation from bed and board on the grounds of abandonment and asked for custody of the two minor children of the marriage. Defendant reconvened, asking for a separation on the grounds of cruelty, for custody of the two children and alimony for herself and the children. After a trial on the merits, the district judge granted a judgment of separation to Mr. Rose, but awarded custody of the two children to Mrs. Rose, and ordered plaintiff to pay alimony for the support of the children in the sum of $200 per month per child. Plaintiff appealed only from that portion of the judgment awarding custody and alimony. Mrs. Rose did not appeal or answer the appeal.
Hence, the only issues before us concern the custody of the two children and the award of alimony for their support.
We will first address ourselves to the issue of custody. The applicable law is well established. In Gilbert v. Hutchinson, La. App., 135 So.2d 283 (3rd Cir. 1961) we stated:
"It is the settled jurisprudence that the welfare of the children is ordinarily best served when their custody is awarded to the mother; that she has the paramount right to their custody; and that the mother should be awarded custody of the children unless she is morally unfit or is incapable of taking *661 suitable care of them." (citations omitted)
Also applicable here, is the settled jurisprudence that in cases involving the custody of children, great discretion must be left to the trial judge, whose decision will not be upset on appeal unless he has clearly abused his discretion. Decker v. Landry, 227 La. 603, 80 So.2d 91 (1955); Sampognaro v. Sampognaro, 215 La. 631, 41 So.2d 456.
The general facts show that Mr. and Mrs. Rose are prominent citizens of Lake Charles, Louisiana who have been married for many years. The two children, Andrew C. Rose, now 15 years of age, and William E. Rose, 9 years of age, are apparently normal, intelligent and well adjusted. As the trial judge aptly stated "There is no doubt from the testimony of all of the witnesses that both plaintiff and defendant love their children very much, and that this love is returned by the children toward their parents. Both parents keenly desire the custody of the children, and this court is of the opinion that either parent would do a good job of raising the children if granted custody."
Without discussing the evidence, it is sufficient to say that the record amply supports the finding of the trial judge that the mother was not shown to be morally unfit or otherwise unsuitable for the custody of her children. Actually, plaintiff has not argued on appeal in this court that the mother is either morally unfit or unsuitable.
The principal argument by plaintiff in this court is that the older child, Andrew C. Rose, now 15 years of age, is no longer a small child but instead a young man with mature emotions and that he prefers to live with his father, rather than his mother. We agree with the trial judge's answer to this argument as follows:
"Finally, there is the contention on behalf of plaintiff that the older boy, Andrew C. Rose, prefers to live with his father rather than with his mother. This young man testified in Court that he would prefer to live with his father. However, in his deposition, he stated that he would be willing to abide by the decision of the Court. The law is that the desires of the child may be considered, along with all other circumstances, but such desires should not be controlling. Holley vs. Holley, La. App., 158 So.2d 620; and it has been stated by the Louisiana Supreme Court that the preferences of the children should not guide the decision of the trial court. Pierce vs. Pierce, 213 La. 475, 35 So.2d 22."
The trial judge pointed out that the expressed desire of Andrew to live with his father should not control here because the evidence shows the father's business, of operating an agricultural flying service, requires he work long and irregular hours, and take business trips out of town. The father could not be at home when Andrew returns from school each day or take care of his meals and his clothes and all of the other regular day-by-day requirements for the proper care of a child. Also, there is the added fact that if Andrew were awarded to his father, he would be separated from his younger brother, which would be most adverse to the children's best interests.
It is our conclusion the trial judge correctly awarded custody of the two children to Mrs. Rose.
Turning now to the question of the award of $200 per child per month alimony, we note that the plaintiff father's income, for at least the past three years, has been approximately $21,000 a year. Plaintiff has actually been paying to Mrs. Rose the sum of $200 per month for the support of the younger child, while the older boy was living temporarily with his father. Considering the necessities of the children and the ability of the father to support them, there is clearly no manifest error by the trial judge as to the amount of child *662 support awarded. As noted by our brother below, an alimony award is always subject to modification if there is any change in the needs of the children or the ability of the father to pay.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.