HOOD, Judge.
This is a custody suit instituted by Richard Jackson Tiffee against his former wife, Mrs. Virginia Ruth Tiffee, now the wife of Robert Earl Robbins. Plaintiff seeks to obtain the permanent custody of his two minor children, Jackie Elaine Tiffee and Stephanie Lynn Tiffee. The defendant reconvened praying for the permanent custody of the children, an increase in the amount of child support previously granted to her and a partition of the community.
Judgment was rendered by the trial court granting custody of the older child, Jackie Elaine, to the father, and granting the custody of the younger child, Stephanie Lynn, to the mother. The mother’s demand for an increase in the amount of child support was rejected, but her prayer for a partition of the community was granted. Defendant, Mrs. Tiffee, has appealed.
The principal issue presented is whether the trial judge erred in changing the legal custody of the older child, Jackie Elaine, from the mother to the father.
*188 Since plaintiff did not appeal no issue is being1 raised here as to that part of the judgment which awarded custody of the younger child, Stephanie Lynn, to the defendant mother.
Plaintiff and defendant were married on November 25, 1958, and they established their matrimonial domicile in Concordia Parish, Louisiana. The two children here-inabove named were born of this union. Jackie Elaine is now eight years of age and Stephanie Lynn is seven.
On May 27, 1965, Mr. Tiffee filed a suit against his wife in which he sought an absolute divorce and the custody of their two children. The defendant wife answered and reconvened for the custody of the children and for child support. The case has never been tried on its merits, and no judgment of divorce or separation has ever been rendered in that particular proceeding. On September 13, 1965, however, judgment was rendered by the trial court in that pending divorce suit granting to the defendant, Mrs. Tiffee, the custody of both children, subject to rights of visitation by the father, and awarding Mrs. Tiffee the sum of $50.00 per month for the support of the children. This judgment was rendered by consent of the parties and without a formal trial.
On January 21, 1966, Mr. Tiffee obtained a judgment of divorce from Mrs. Tiffee in the Chancery Court of Union County, Arkansas. Neither party questions the jurisdiction of the Arkansas Court, and no attack is made on the judgment which was rendered by that court.
Both parties remarried after the Arkansas divorce judgment was rendered. Plaintiff is living with his second wife in or near the community of (Monterey, in Concordia Parish, Louisiana. Defendant’s present husband is in the United States Air Force and he is enrolled as a graduate student at Texas A & M University. He and defendant have made their home at College Station, Bryan, Texas, since their marriage on June 3, 1967.
On September 27, 1967, plaintiff, Mr. Tiffee, filed a petition in this proceeding (this being the divorce suit which was instituted by the same plaintiff in 1965) demanding the permanent custody of both children. Very shortly thereafter defendant filed a pleading labeled a “Petition” and being in the nature of a reconventional demand, in which she demands judgment granting to her the custody of both children, with reasonable visitation privileges reserved to the father, an increase in the support which had been allowed her in the earlier judgment and a partition of the community.
The issues presented by these pleadings were tried on September 29, 1967, and as we have already noted, judgment was rendered by the trial court granting custody of the older child to the father, granting custody of the younger child to the mother, rejecting Mrs. Tiffee’s demand for an increase in support and ordering a partition of the community. The mother has appealed from that judgment.
The defendant, Mrs. Tiffee, contends that the trial judge erred in modifying the original custody decree by awarding the custody of the older child, Jackie Elaine, to the father. It is argued that defendant, as the mother, has the paramount right to custody of the child, that defendant is morally fit and able to care for both children, and that she thus is entitled to retain custody of Jackie Elaine as well as of the younger child.
Our courts have held consistently that the welfare of a child ordinarily is best served by awarding the custody of that child to the mother. The mother has the paramount right to custody of her children, therefore, and generally she should be awarded custody of her children unless she is morally unfit or is incapable of taking suitable care of them. Gilbert v. Hutchinson, 135 So.2d 283 (La.App. 3d Cir. 1961); Rose v. Rose, 177 So.2d 659 (La.App. 3d Cir. 1965); Wilmot v. Wilmot, 223 La. 221, 65 So.2d 321 (1953); and Black v. Black, 205 La. 861, 18 So.2d 321 (1944).
*189 The mother’s preferred right to custody, however, must yield to the superior right of the state to deprive her of the custody of her child if the welfare of the child requires that that be done. The paramount consideration in determining to whom the custody of the child should be granted is the greater advantage, the best interests and the welfare of the child. LSA-C.C. art. 157; Hebert v. Hebert, 159 So.2d 537 (La.App. 3d Cir. 1964); Estopinal v. Es-topinal, 223 La. 485, 66 So.2d 311 (1953); Tullier v. Tullier, 140 So.2d 916 (La.App. 4th Cir. 1962); Morris v. Morris, 152 So. 2d 291 (La.App. 1st Cir. 1963); Guillory v. Guillory, 221 La. 374, 59 So.2d 424 (1952); Sampognaro v. Sampognaro, 222 La. 597, 63 So.2d 11 (1953); LeBlanc v. LeBlanc, 194 So.2d 122 (La.App. 3d Cir. 1967); State ex rel. Graham v. Garrard, 213 La. 318, 34 So.2d 792 (1948); Ard v. Ard, 210 La. 869, 28 So.2d 461 (1946); State ex rel. Magliore v. Saragusa, 229 La. 967, 87 So.2d 309 (1956); Schroeder v. Schroeder, 184 So.2d 75 (La.App. 4th Cir. 1966).
LSA-C.C. art. 157 provides, in effect, that the test to be applied in determining whether a demand for custody should be granted is: Is it “for the greater advantage of the children”?
In Guillory v. Guillory, supra, our Supreme Court said:
“A mother is entitled to the custody of her child unless it be shown that she is morally unfit or that it would be a greater advantage to award its custody to its father. The paramount consideration in determining to whom the custody of the child should be granted is the welfare of the child. In awarding the custody of the child a large discretion is left to the trial judge, which, of course, is subject to review. A reasonable latitude must be left to the trial judge and his judgment is entitled to great weight.” (Emphasis added.)
Substantially the same rule was applied by the Supreme Court in the earlier case of Ard v. Ard, supra, where the court said:
“Under that codal provision the awarding of the custody of children in separation and divorce actions addresses itself largely, but not exclusively, to the discretion of the trial judge.. In the exercise of that discretion, it is essential that consideration be given to the children’s welfare and best interests according to the circumstances existing when he is called upon to act. As a general rule the mother’s right to the custody is preferred to that of the father. This preference does not obtain in exceptional cases, however, where it is to the greater advantage of the children that they be entrusted to the care of the father. Black v. Black, 205 La. 861, 18 So.2d 321; White v. Broussard, 206 La. 25, 18 So.2d 641; Willis v. Willis, 209 La. 205, 24 So.2d 378.” (Emphasis added.)
In State ex rel. Graham v. Garrard, supra, where custody had previously been awarded to the mother but was removed and given to the grandparents of the child, our Supreme Court said:
“Under the law of this state, the parent has a superior right to the custody of his or her minor children over third persons, and relatrix relies principally on this rule of law to obtain the care and custody of the child in the instant case. As pointed out in numerous decisions of this court, however, this right of the parent is not unquestionable or absolute, but must yield to the superior right of the State to deprive a parent of the care and possession of the child in the event the physical, moral, or mental welfare of the child requires it.” (Emphasis added.)
In Sampognaro v. Sampognaro, supra, the custody of two children previously had been awarded to the mother, but the children had continued to live with the father. About 19 months after that decree was rendered the father filed pleadings seeking to have the custody changed and awarded to him. Our Supreme Court, reversing the decision of the trial court, removed the custody from the mother and awarded it to the father. In so doing, the court said: “Pri *190 marily, we are concerned with the welfare of these boys. Without doubt, in this instance, their welfare will be protected and best promoted by continuing their custody in the father.”
And, in Black v. Black, 205 La. 861, 18 So.2d 321 (1944), the same court held that:
“The paramount consideration in determining to whom the custody of a child should be granted after a divorce is the welfare and best interest of the child. This is the rule laid down by Article 157 of the Civil Code, as amended, which has been followed consistently by this Court in its decisions.” (Emphasis added.)
Our jurisprudence also is settled to the effect that the trial judge has much discretion in awarding the custody of a child whose parents are legally divorced, and his conclusions are entitled to great weight. The determinations made by the trial judge as to custody, therefore, will not be set aside unless it clearly appears that there has been an abuse of discretion or unless the judgment awarding custody has been based on incorrect legal principles. LeBlanc v. LeBlanc, supra; Bush v. Bush, 144 So.2d 119 (La.App. 4th Cir. 1962); Messner v. Messner, 240 La. 252, 122 So.2d 90 (1960); State ex rel. Graham v. Gar-rard, supra; State ex rel. Magliore v. Saragusa, supra; Guillory v. Guillory, supra; Byrd v. Byrd, 128 So.2d 794 (La. App. 3d Cir. 1961); Rose v. Rose, supra.
We have already noted the appropriate language which was used by our Supreme Court in Guillory v. Guillory, supra, and in State ex rel. Graham v. Garrard, supra. In the last mentioned case, the court also said:
“This court has said that reasonable latitude must be left to the trial judge in matters affecting the welfare of children, and that his judgment based upon the facts disclosed in any case is entitled to great weight.”
In Ard v. Ard, supra, the Supreme Court, in addition to the statements already quoted, said:
“In support of his judgment herein, awarding the custody of the children to defendant, the trial judge assigned no written reasons. Obviously, he concluded that this is one of those exceptional cases wherein children are entrusted to the father, rather than to the mother, when it is for their greater advantage. Under the circumstances shown by the record we can not say that in reaching his conclusion he has abused the discretion vested in him.”
The applicable rule was stated in Messner v. Messner, supra, as follows:
“Under the law and settled jurisprudence of this State, the trial judge has the discretion of awarding the custody of a child whose parents are legally divorced in accordance with the circumstances existing when he is called to act. Although this discretion is subject to review and control by us, we are usually reluctant to reverse a judgment in these instances, unless we find and conclude that the trial judge has abused the discretion vested in him.”
In Antony v. Antony, 160 So.2d 765 (La. App. 3d Cir. 1964), we said:
“The appellate courts of this State have uniformly held that a trial court’s decision in a matter involving custody of a child will not be disturbed unless the record clearly reflects an abuse of discretion by the trial judge. Kieffer v. Heriard, supra, [221 La. 151, 58 So.2d 836;] Sampognaro v. Sampognaro, supra; Bush v. Bush, supra; Stevens v. Stevens, La.App. 1 Cir., 147 So.2d 754; Messner v. Messner, supra; Baasen v. Baasen, supra, [La.App., 133 So.2d 908].”
And in Bush v. Bush, supra, our brothers of the Fourth Circuit Court of Appeal used the following language:
“Our appellate tribunals also have uniformly pronounced that a trial court’s decision, in a matter involving custody of a child, will not be reversed unless the record clearly reflects an abuse of discretion *191 by the judge thereof. [Kieffer v. Heriard, 221 La. 151, 58 So.2d 836; Sampognaro v. Sampognaro, 222 La. 597, 63 So. 2d 11.]”
With these established rules in mind, we now turn to a discussion of the pertinent facts in the instant suit.
The evidence shows that plaintiff and defendant separated shortly before the divorce suit was filed in May, 1965. The defendant wife moved to her mother’s home, in Ferri-day, Louisiana, her mother’s residence being located a few miles from the matrimonial domicile, and she took Stephanie Lynn, the younger child, with her. Jackie Elaine remained with her father, and she continued to live with him in the family home in or near Monterey, Louisiana, her father’s home being located next door to the home of his parents.
Mrs. Tiffee returned to the matrimonial domicile on August 21, 1965, and she lived there with her husband and both children from that date until August 29, 1965. On the last mentioned date, however, the parties again separated and Mrs. Tiffee returned to her mother’s home with the younger child, leaving Jackie Elaine with plaintiff. A few days later defendant had “the law” pick up Jackie Elaine and return her to defendant’s custody in Ferriday. Jackie Elaine was enrolled in school in Ferriday, but about one week later defendant called the child’s paternal grandparents and asked them to come and get the child and return her to the father, and that was done. Mrs. Tiffee stated that she let the older child return to her father “because she cried. She wanted to and I kinda felt like I wanted her to, also, so I let her go back so she could go to school down there because I felt like she was happy down there and it wasn’t too far away for her to go.”
The older child remained with her father and her paternal grandparents continuously from September, 1965, until sometime during the summer of 1967, a period of almost two years. During that time she attended school in Monterey, where Mr. Tiffee lived, and according to the testimony of the principal of that school the child was “really happy and real adjusted.” Jackie Elaine visited with the mother frequently during that time, usually on weekends.
The custody of Jackie Elaine, the older child, was returned to Mrs. Tiffee during the summer of 1967, and the child remained in the custody of her mother most of the time until this case was tried on September 29, 1967. On the last mentioned date both children were living with the mother and were attending school in College Station, Texas.
The trial judge did not assign written reasons for judgment, but he did observe at the conclusion of the trial that “The mother of Jackie testified that the girl is unhappy and cried quite often and Stephanie seemed to be well adjusted * * * I am going to let both of them stay with their Mother until Christmas time. At that time I think we should let Mr. Tiffee have the older child to go to Monterey school.” Judgment thereupon was rendered ordering Mrs. Tiffee to return Jackie Elaine to plaintiff no later than January 27, 1968.
Plaintiff alleges that defendant is unfit and is incapable of taking care of the children. The evidence fails to establish any factual basis for these allegations. We are convinced that the mother is fit and able to care for both children. She and her present husband have established a home in Texas and can provide both children with the care and supervision which they need.
We also are convinced that plaintiff and his present wife are fit and able to care for Jackie Elaine, and that they can and will provide adequate care and supervision of the child. Defendant, in fact, has stipulated that while Jackie Elaine was in the custody of her father “that she had good care, that they loved her, that they took care of her and that when she is in school down there she has gotten good grades.”
We confess that the issues presented here are difficult to decide. On the one *192 hand, the mother is fit and able to care for her minor daughter, and under our established jurisprudence she has a preferred right to the custody of the child. On the other hand, the right of the mother to custody is not absolute, and it must yield when the best interests and welfare of the child demand that custody be awarded to the father. The facts show that the child has lived with the father almost continuously since-the parties separated in 1965, that the father also is fit and able to give the child a good home, and that the child is happy and well adjusted with the father while she appears to be unhappy with the mother. Finally, the trial judge has concluded that it is for the best interests and welfare of the child that custody be transferred to the father. Much discretion is vested in the trial judge and his decision in custody cases is entitled to great weight.
After considering all of the facts and circumstances, our conclusion is that the trial judge has not abused the discretion which is vested in him by awarding the custody of Jackie Elaine to the father and the custody of Stephanie Lynn to the mother. The trial judge has had the opportunity of observing the demeanor of the parties and the witnesses, and he is in a better position than we are to determine the effect which a change of custody will have on the child. We, therefore, will not disturb his finding that the best interests and welfare of Jackie Elaine would be served by placing her in the care and custody of her father, subject to the right of the mother to have reasonable privileges of visitation.
Defendant argues that the trial court erred in basing his judgment on the wishes of a child, who- was only seven years of age when the case was tried. We agree that the mind of a young child responds readily to the influence of associations and environments, and for that reason an award of custody should not be based solely on the wishes of the child. The desires of the child may be considered, along with all other circumstances, but such desires should not be controlling. Rose v. Rose, supra; State ex rel. Sevier v. Sevier, 141 La. 60, 74 So. 630 (1917).
We are not convinced, however, that the trial judge based his conclusions solely on the wishes of the child. The record indicates, as observed by defendant, that Jackie Elaine prefers to live with her father. But the other established facts which we have mentioned are more persuasive and convincing that custody should be awarded to the father than are the wishes of the child. We think the trial judge based his final conclusion on all of the facts and circumstances relating to the question of custody and not solely on the wishes of the child.
Defendant argues further that separating the two children by awarding the custody of one to the father and the other to the mother is not to the best interests of either child. We agree that ordinarily it is undesirable to separate two children of one family, particularly two sisters of about the same age. LSA-C.C. art. 157 apparently contemplates that such a thing may be done, however, because it provides that the judge may, for the greater advantage of the children, order that “some or all” of them be entrusted to the care of the unsuccessful party to the action for divorce or separation. Although it generally is not to the best interests of the children of one family to be separated, we think the separation is justified in the instant suit where the two children, in fact, have been living in different homes for more than two years. Under the circumstances presented here we cannot say that the trial judge erred in allowing these two children to continue to reside in the homes and with the families to which they have become accustomed.
Finally, defendant contends that the trial j udge erred in refusing to increase the award which previously had been made to her for the support of the children. We have examined the evidence and we agree with the trial judge that it fails to establish that plaintiff is able to pay more than the *193 monthly sum which he heretofore was condemned to pay.
For the reasons herein set out, the judgment appealed from is affirmed. The costs of this appeal are assessed to defendant-appellant.
Affirmed.