GLADNEY, Judge
(dissenting).
I respectfully dissent from the majority viewpoint. First, I am in complete disagreement with the evaluation of the evidence which tends to reveal plaintiff as an unsuitable mother, and, second, in a case such as this where the facts neither show that the plaintiff is an improper person to have custody of the children nor is it clear that it would be to their greater advantage that they be placed under the custody of the father, preference should be accorded to the mother as provided in Civil Code Art. 157, she having secured the divorce.
*228 The preponderance of the evidence indicates Mrs. Jackson has been a good mother, and has been attentive to and loved by her children; that her interest in amateur theatrical work and other civic and cultural activities is the basis for her husband’s complaint. The record is bare of any misconduct on her part nor has it been shown that she was neglectful of her children. She has ample means and adequate accommodations for the children should she be awarded their custody.
To grant custody merely because an advantage may exist would render inoperative the directory provisions of the Code Article and its interpretation by the courts.
The general rule is that the mother’s right to the custody of the children is preferred to that of the father and it is only in exceptional cases where it is to the greater advantage of the children that their custody is entrusted to the father. Sampognaro v. Sampognaro, 215 La. 631, 41 So.2d 456 (1949); Ard v. Ard, 210 La. 866, 28 So.2d 461 (1946). In Sampognaro it was found that the children would be well cared for in either home and the environment would be equally good. The court held there was no substantial reason to deny the mother the custody of the children, annulled the decree of the trial court in favor of the father and awarded the custody to the mother. See also cases cited in Decker v. Landry, 227 La. 603, 80 So.2d 91, 92 (1955). The Decker case is inapposite, the Supreme Court holding that the mother had abandoned her children, had never evidenced any great desire for them, and if granted the custody, would place the children in an environment and under living conditions which would not be conducive to their best interest. The court held in Decker, therefore, that the evidence did not present exceptional facts justifying a finding that the change of custody would be to the greater advantage of the children.
My conclusion is that the children would have equal opportunity and environment if they were placed under the mother’s care, and therefore effect should be accorded herein to Civil Code Art. 157 and the jurisprudence referred to above.
Rehearing denied.
GLADNEY, J., dissents.