DOMENGEAUX, Judge.
On May 18, 1970, plaintiff, Elsie Jeannette Brady McGee, was divorced from defendant, James Francis Rayner. The latter had filed suit for divorce on the grounds of adultery and obtained a judgment by default which awarded him the custody of their three minor children, Shawn Lanette Rayner, Sheila Annette Rayner, and Theresa Gail Rayner, subject to plaintiff’s visitation rights on Saturdays and during the month of July of each year. Subsequently, plaintiff sought to have the judgment changed so as to vest the custody of the minors in her but was unsuccessful. She made a second attempt which was likewise unsuccessful and which she now places before us for review.
The evidence shows that plaintiff was married to defendant when she was seventeen, before finishing high school, in March, 1963. In the fall of 1969 she began keeping company with one Charles David McGee. In February of 1970 she moved from the matrimonial domicile, taking her children with her, and took up residence in a rental house located on Alma Street in the city of Alexandria, Louisiana. While she resided therein, she was frequently visited by McGee, who at the time was also a married man. McGee’s visits were not limited to the daylight hours, and the two exchanged acts of affection in the presence of the children. Following the divorce in May, 1970, she moved from the Alma Street residence and the defendant moved in, setting up his household with the three children in the same house. On November 1, 1970, plaintiff married McGee and began living in West Monroe, Louisiana, where they now rent a two-bedroom house.
Plaintiff contends that the children would find themselves in better circumstances with her, as she is now a full time housewife and could therefore provide-them with a family atmosphere not available in their present home. She alleges that the children are ill cared for, unkempt, dirty, misbehaved, etc., as the result of their father’s neglect. Further, she urges the desirability of having a mother, rather than a father, care for three young girls.
In support of her views she offered the testimony of her husband, her mother, her sister, and her mother-in-law, all of whom testified to her good character and reputation, as well as her love, and ability to care for her children. Additionally, she presented the testimony of her pastor. He, however, had visited the McGee home but once, and then within a week of the trial.
Defendant, on the other hand, argues that the children are well cared for with the help of a live-in babysitter who, though of advanced age, is competent and able. He points out that his employment as an engineer is in town, within a short distance of his home, and is generally characterized by regular hours. Thus, he usually leaves for work shortly after 8:00 A.M. and returns shortly after 5:00 P.M. He drives two of the girls to school where they remain until 3:00 P.M. He usually takes all of his meals at home and spends his evenings and weekends with the children. In his view the girls are well mannered, happy children, and receive everything they need. His income makes it possible to support them with ease.
Defendant introduced the testimony of two neighbors and a former babysitter. Their testimony is strongly in his favor, and apparently disinterested. We note especially that of the neighbors who had the opportunity of observing the children while they lived with their mother alone in the house, and again while they lived with their father in the same house. They left no doubt of their opinion that the children and their way of life had improved markedly upon their custody being given to the *734 father. Additionally, they testified to plaintiff’s bad reputation in the community as opposed to defendant’s excellent reputation.
Louisiana Civil Code Article 157 provides that unless the judge orders otherwise for the greater advantage of the children, they shall be placed under the care of the party who shall have obtained the divorce. In the case at bar, of course, that party is the defendant in rule, who was in fact given the permanent custody of the children when he obtained his divorce.
Our Supreme Court has recently spoken on the subject in two cases. Fulco v. Fulco, 259 La. 1122, 254 So.2d 603; and Estes v. Estes, 261 La. 20, 258 So.2d 857, stating that:
(3) When the trial court has made a considered decree of permanent custody in the light of the above principles, even though such custody is subject to modification at any time when a change of conditions demands it, the party seeking the change bears a heavy burden of proving that the continuation of the present custody is so deleterious to the children as to justify removing them from the environment to which they are accustomed. Tiffee v. Tiffee, 254 La. 381, 223 So.2d 840 (1969); Decker v. Landry, 227 La. 603, 80 So.2d 91 (1955); Guillory v. Guillory, 221 La. 374, 59 So. 2d 424 (1952); Nugent v. Nugent, [La.App.,] 232 So.2d 521 (1970) (citing numerous court of appeal decisions to such effect). [Footnote omitted]
(4) Upon appellate review, the determination of the trial judge in child custody matters is entitled to great weight. He is in a better position to evaluate the best interests of the children from his total overview of the conduct and character of the parties and the children and of community standards. His discretion on the issue will not be disturbed on review in the absence of a clear showing of abuse thereof. Messner v. Messner, 240 La. 252, 122 So.2d 90 (1960); Salley v. Salley, 238 La. 691, 116 So.2d 296 (1959); Decker v. Landry, 227 La. 603, 80 So.2d 91 (1955); Guillory v. Guillory, 221 La. 374, 59 So.2d 424 (1952).
The trial judge in our case concluded that:
There is no showing that Mr. Rayner is anything but a proper custodian and parent for these children. There is certainly no showing that Mrs. McGee can offer these children any better home than they presently have or any better care or any more love and affection than they have at the present time.
In view of the foregoing discussion of the evidence, and of the law as set out in the Estes and Fulco cases, we cannot say that he erred in his conclusion. Accordingly, the judgment of the district court is affirmed at plaintiff-appellant’s costs in both courts.
Affirmed.