170 So.2d 160 (1964)
Jimmie Clark WEST, Plaintiff-Appellee,
v.
Della Ruth Briscoe WEST, Defendant-Appellant.
No. 10313.
Court of Appeal of Louisiana, Second Circuit.
December 14, 1964.
*161 Love, Rigby & Donovan, Shreveport, for appellant.
Simon, Carroll, Fitzgerald & Fraser, Shreveport, for appellee.
Before HARDY, AYRES, and BOLIN, JJ.
AYRES, Judge.
Plaintiff obtained a divorce from the defendant on the ground of adultery. He was also awarded the custody of their two minor children, a girl and a boy, aged five and six years, respectively. Defendant appealed.
The only errors of which defendant complains relate to the award of custody of the children to the father, and, in the alternative, to the failure of the judgment to provide her specific visitation privileges.
On the first of these issues, that is, as to the award of custody of the minors, the legal principles involved are well settled in the jurisprudence of this State. Thus, the law is that, in cases of custody of children, the mother, for their best interest and welfare, is to be preferred to the father, save in the most exceptional cases, and usually only if the mother is shown to be morally unfit. Kieffer v. Heriard, 221 La. 151, 58 So.2d 836 (1952); Guillory v. Guillory, 221 La. 374, 59 So.2d 424 (1952); Sampognaro v. Sampognaro, 215 La. 631, 41 So.2d 456 (1949); Withrow v. Withrow, 212 La. 427, 31 So.2d 849 (1947); White v. Broussard, 206 La. 25, 18 So.2d 641 (1944); Black v. Black, 205 La. 861, 18 So.2d 321 (1944).
In this regard, it may be observed that adultery by the mother on even more *162 than one occasion, and where she was divorced on the ground of adultery, is not always conclusive of her moral unfitness to have the custody of her children. McCaa v. McCaa, 163 So.2d 434, La.App., 2d Cir.1964 (writ refused).
The resolution of the primary issue presented for determination is dependent upon the facts disclosed by the record. We do not deem it necessary, however, to review in detail the conduct of the mother. It is sufficient to state, we think, that the record establishes, and in fact the defendant admits, the commission of adultery by her on at least five occasions with three individuals. These acts were committed at various tourist courts and, on one occasion, in Hot Springs, Arkansas, where she had gone during her husband's absence from home. Her misconduct consisted not of a solitary act of adultery or adultery with one individual but, rather, of a course of promiscuousness. Moreover, the mother is shown to have frequented taverns at night and until the early morning hours, there indulging in alcoholic beverages to excess and often becoming intoxicated. Nor does the record establish that she is of such stable disposition that it would be to the best interest and welfare of the children that she be entrusted with their care. For several months prior to trial, defendant underwent needed psychiatric care. In the course of recent months, two attempts were made by her upon her own life.
Defendant cites, in support of the proposition that she should be awarded the custody of the children, despite her misconduct, the following cases: Estopinal v. Estopinal, 223 La. 485, 66 So.2d 311 (1953); Messner v. Messner, 240 La. 252, 122 So.2d 90 (1960); Bush v. Bush, 144 So.2d 119, La.App., 4th Cir.1962; McCaa v. McCaa, supra. All of these cases may be readily distinguished from the instant case. For instance, in the Estopinal case, a single isolated act of adultery was involved. The mother's fitness for the custody of the child involved therein was not otherwise attacked. In the Messner case, the mother's acts of immorality consisted of a single though continuing indiscretion with the same individual whom she subsequently married. The Bush case presented a similar factual situation where the parties attempted marriage but were prevented from so doing because her previous marriage had not been dissolved by divorce. The McCaa case involved three acts of adultery with the same corespondent at his apartment. These four cases, as observed in Brunt v. Brunt, 166 So.2d 71, La.App., 3d Cir. 1964, stand only for the proposition that a few secretive acts of adultery by a mother who is otherwise well suited to care for her children may not be sufficient to establish that she is morally unfit for their custody.
Of primary and of controlling concern in all cases of this character are the children's interest and welfare and not necessarily the wishes of either parent. Therefore, the general rule that the mother is preferred over the father is predicated upon the proposition that the mother is in better position to care for and minister to the needs of children of tender age.
In each of the aforesaid cited cases, the mother had been left with full responsibility for the care and keeping of the children. She had provided them with a proper home, in some instances at considerable sacrifice and with little or no financial assistance from the father. Lack of concern of the father for the welfare of the children is particularly noted in the McCaa and Messner cases. There was of course reluctance on the part of the court to remove the children from the custody to which the children had become adjusted and from the proper and adequate surrounding in which they had been maintained.
In the instant case, from the date of plaintiff's and defendant's separation, the children have been in the care and custody of the father, who has demonstrated his willingness, desire, and ability to personally *163 care for and provide a suitable home for them. He has employed an excellent housekeeper. The minors are, and have been, residing with him in the family home, in familiar surroundings where they are afforded good environment, given careful attention and proper training, and provided the physical comforts to which they are accustomed. These facts are established by the testimony of close neighbors who say that plaintiff is a devoted father.
We therefore find no basis for a conclusion of manifest error in the judgment below, leaving the children in the father's care and custody. To the contrary, from our own review of the record, we are also of the opinion that it is to the best interest and welfare of the minors that they be retained by their father.
On defendant's alternative demand that she is entitled to the fixing of specific times during which she is entitled to see and visit with the children, she cites Bush v. Bush, supra. While the periods of time for visitation were fixed in that case, the court pointed up the objections to divided custody and that such custody is reprobated by our courts, citing the recent case of Holley v. Holley, 158 So.2d 620, La.App., 3d Cir. 1963. Therefore, if by this contention divided custody of the minors is sought, the position taken would be untenable. However, under the reservation made in the judgment, defendant has the right, at reasonable times and places, to see and visit with her children. If properly exercised, she should not be deprived of that privilege. Nevertheless, we must point out that there is no evidence in the record indicative of the wishes or convenience of either of the parties or as to what would be reasonable times and places. Between reasonable persons, advised by their counsel, arrangements satisfactory to both are possible of accomplishment. If failure should result, the parties have recourse to the trial court, which, after hearing the parties, would be in better position to do justice between them than we are now. Therefore, in our opinion, no need exists for a remand of the case at this time.
For the reasons assigned, the judgment appealed is affirmed. Defendant-appellant is assessed with the cost of this appeal.
Affirmed.