TATE, Judge.
The defendant mother appeals from judgment of the trial court awarding custody of the 4-year-old daughter of the marriage to the plaintiff father.[1]
The evidence at the hearing shows that, following the divorce, the wife continued to frequent premises in which her co-adulterer lived, that he had mistreated the little girl *674 during the time they lived in the same house, and that the living conditions provided by the mother for her child were unstable and unsuitable, with insufficient arrangements made for the child’s care while the mother worked.
Evidence introduced by the father proves that he and his parents can provide a good home for the child.
Under the almost uncontradicted evidence at the hearing, we cannot say that the trial court erred in finding that the welfare of the child would best be served by change to the father’s custody. Such determinations made by a trial court, when based upon adequate evidence, are entitled to great weight, insofar as based upon pertinent factual considerations. Kieffer v. Heriard, 221 La. 151, 58 So.2d 836; LeBlanc v. LeBlanc, La.App. 3d Cir., 194 So.2d 122.
In urging error of law, the appellant mother relies strongly upon the “double burden” doctrine. By this, when a parent is initially awarded custody by the court (as the wife was here), the other parent may not obtain a change in the custody unless he proves (1) that the present conditions of the child’s environment are detrimental to its interests and (2) that the applicant can and will provide a good home and a better environment. Decker v. Landry, 227 La. 603, 80 So.2d 91; Wells v. Wells, La.App.3d Cir., 180 So.2d 580.
If this “double burden” is indeed applicable,[2] then the evidence and findings of the trial court show that the husband has by this test sufficiently proved his right to a change of custody.
The most serious issue is presented by the defendant mother’s motion for a new trial, which was denied by the trial court, and by her prayer in this court for a remand for this purpose. The record shows that she appeared at the hearing without counsel and attempted to present her own case. She did not, for instance, call as witnesses her own mother and father, upon whom she relies to prove the good home actually offered by her for her child.
Before the “double burden” was applied as a rigid requirement, this contention of an inadequate day in court might have been met by pointing out that a custody judgment is always subject to review upon changed circumstances. Formerly, the mother’s paramount right to custody of a child of tender years might be only temporarily displaced, if due to inadequate or incomplete evidence the full facts were not produced at the earlier hearing. Now, however, the “double burden” rule places a heavy barrier against the mother’s regaining custody of her child, should the full evidence later show that the episodes testified to at the hearing were overemphasized and exaggerated.
In denying the application for a new trial, the District Judge pointed out that he had twice advised her prior to the hearing to obtain counsel. He pointed out her failure to do so as another instance of the present mixed-up and disorganized state of the young mother.
Had the mother retained counsel, no doubt such lawyer might have produced evidence on her behalf, as well as an opportunity to rebut what she alleges is false testimony. On the other hand, this young wife had full notice of the hearing, while the record does contain substantial evidence supporting the trial court’s considered judgment that, under present circumstances, continuation of her custody of the little girl might be detrimental to the child’s welfare.
We conclude that the interests of justice might best be served by affirming *675 the trial court’s change of custody, but by reserving the mother’s right to reopen the question without the necessity of meeting any “double burden”- — -i. e., to provoke a hearing at which the question of custody will be decided as if of first determination- and without affording any weight to any prior custody decree. Cf., Tullier v. Tullier, La.App. 4th Cir., 140 So.2d 916, 917. The decree will thus in effect be amended so as to award “temporary” custody only to the plaintiff-father.
For the foregoing reasons, the judgment of the trial court is amended so as to award “temporary” custody only to the father, reserving to the mother the right to reopen the custody award without being required to meet the “double burden”. As thus amended, the trial court judgment is affirmed. The defendant-wife-appellant is to pay the costs of this appeal.
Amended and affirmed.

. In 1967, the father had obtained a divorce on the grounds of adultery, but the mother was given custody. By the present 1968 proceedings, the husband subsequently filed a petition for a rule to show cause why custody should not be changed.

. In his concurring opinion in Wells v. Wells, the present writer pointed out that some members of this court disagree with the majority’s interpretation of Decker v. Landry. Nevertheless, until the jurisprudence of this court represented by Wells v. Wells is overruled by the Supreme Court or a majority of this court, the writer feels obliged to follow it.