MILLER, Judge.
Plaintiff mother appeals the trial court judgment awarding custody of her 7-year-old son and 4-year-old daughter of the marriage to defendant father.
The mother proved adultery by the father and obtained the divorce on January 23, 1970. By consent the question of custody was continued to a later date. Both parties married shortly after the divorce and testified at the custody hearing that they had suitable homes.
The mother left her husband and children in March of 1968. In May of 1968, the father was awarded a judicial separation based on abandonment, and was awarded custody of the two children. Mother was represented by a curator-ad-hoc. Although mother denied that she knew about the husband’s suit for separation, it was established that her mother received notice and was in communication with this plaintiff at all times. When service of process was attempted through plaintiff’s mother, plaintiff’s mother denied knowledge of plaintiff’s whereabouts.
At this custody hearing, plaintiff testified that she had to leave her husband because of his cruelty. Specifically, she testified that he beat her and knocked out some of her teeth. But this was not verified by her dentist who testified by deposition, or by other witnesses.
It was established that plaintiff was nervous and sought medical treatment. But it was only on the basis of plaintiff’s testimony that one could conclude that the father was responsible for this nervousness.
Plaintiff returned to her mother’s home in September of 1968 and has had her children with her on the average of one week end per month from September 1968 through the February 1970 custody hearing. Both parties testified that their respective homes have been visited by welfare representatives.
Both parties introduced evidence tending to show that the other party was neglecting the children, and that an injustice *534 would be done if custody was awarded to the other party.
At the conclusion of the trial, the trial court ruled:
“ * * * the best interests and welfare of these children would be served, at least for the present, by continuing them in the custody of the father, Jimmy Lee Poole. One cannot listen to the facts and circumstances surrounding the mother’s leaving, the taking care of the children by the father, the mother’s remarriage, the father’s remarriage, without gaining a strong feeling that the children would be better off if they continued in their present situation rather than to have it changed and be thrust in some new situation. Perhaps after the matter matures and the respective new marriages of the parties have matured the best interests of the children might lie with some other disposition.
“The court realizes that there is some contradiction in terms in having awarded permanent custody May 16, 1968, and now indicating that the custody being awarded by this decree is somthing less than permanent; but the court can look to the case of Siggio v. Siggio, 217 So.2d 673, as decided by the Third Circuit Court of Appeal, for authority that in some circumstances a custody award can be regarded as perhaps ‘temporary’ when granted to the father and when the mother has some reason, even though it be her own fault, not had a full day in court.
“Therefore, judgment will be rendered in this matter granting the continued custody of the two minor children, Rebecca Lin Poole and Dwain James Poole to their father Jimmy Lee Poole, reserving liberal rights of visitation to Linda Faye Poole, their mother.”
We cannot say that the trial court erred in finding that the welfare of these children would best be served by continuing temporary custody with the father. Such determinations made by a trial court, when based upon adequate evidence, are entitled to great weight, insofar as based upon pertinent factual considerations. Siggio v. Siggio, 217 So.2d 673 (La.App.3d Cir.1969); Kieffer v. Heriard, 221 La. 151, 58 So.2d 836 (1952).
The judgment of the trial court is affirmed. Costs of this appeal are taxed to plaintiff-appellant.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.
TATE and CULPEPPER, JJ., not participating.