PRICE, Judge.
This is an appeal from a judgment rejecting the demands of the plaintiff-in-rule seeking to obtain a change in custody of two minor children.
James Rodney Phillips, the father of Pennie Leigh and Susan Marie Phillips, aged three, and one and one-half years respectively, obtained a divorce from Carol *653 E. Bailey Phillips, the mother of the children, on grounds of adultery on her part. A default judgment was rendered on August 9, 1967 awarding custody of the children to the father.
On April 5, 1968, Carol Phillips filed a petition for a rule to show cause why custody of the children should not be awarded to her. She alleges she acquiesced in the prior divorce judgment against her only because she believed her husband’s misrepresentation that she would be given additional notice other than the original service of process of the date the case would be heard in court. She further alleges she is a fit person to have custody, and charges the children are not being properly cared for by the father.
Carol Phillips filed a supplemental petition on July 10, 1969 in which she alleges the father voluntarily altered the terms of the custody judgment by executing a notarial act dated September 24, 1968, permitting her to take possession of the children and remove them from the State. She further contends she had remarried by the date of this petition and had furnished a suitable home for the children since obtaining their physical custody in September, 1968. In addition to her prayer for custody, plaintiff requested support for the children in the sum of $200.00 per month.
On trial of the rule on July 30, 1969, the court rendered judgment maintaining custody in the father, James Phillips. An application for a new trial was granted by the court to allow plaintiff-in-rule, Carol Phillips, to present evidence to show her treatment of the children while in her care in the State of California following September, 1968, when she was allowed to take them with her. The new trial was held on March 12, 1970, resulting in the court again rejecting the demands of the plaintiff-in-rule.
Appellant principally relies on two assertions in charging error on the part of the trial court. Although she does not complain of the validity of the judgment rendered against her by default in the divorce proceeding, she contends, since there was no adversary proceeding in the determination of custody by the court, and this was caused by the deception of James Phillips, she should not bear the burden of showing, changed circumstances as is normally required under the prevailing jurisprudence to obtain a change in a custody judgment. Secondly, she contends she has not been found guilty of such conduct which would render her unfit, and therefore, result in her loss of the preference normally accorded to the mother of young children under the jurisprudence of this State.
The evidence in the record reveals James and Carol Phillips were married in 1963, and were thereafter domiciled in Minden, Louisiana. In March, 1967, James Phillips re-enlisted in the United States Marine Corps and was assigned to duty in Vietnam. The evidence further shows that shortly after James Phillips left for Vietnam in the spring of 1967, Carol Phillips began pursuing a course of conduct which caused her own mother, and also the paternal grandmother of the children, considerable concern that the children were being neglected. They contacted the father through the Red Cross and he returned on emergency leave. While on leave he filed the action for divorce, accusing his wife of committing acts of adultery.
Carol Phillips now denies the truth of these allegations against her. Although the testimony taken in confirming the default was not transcribed, we must presume the trial court required the plaintiff to put on sufficient evidence to establish a prima facie case. The record reflects Carol Phillips consulted legal counsel after being served with the petition in the action for divorce. Although she testified on trial of this rule that the reason for not employing counsel to file responsive pleadings was her lack of financial ability, she was employed at the time and was not making any substantial contribution for the support of the two children, who were then in the custody of her mother.
*654 We do not find that the evidence in the record discloses any acts on the part of James Phillips which would lead to the conclusion that he had misled or been guilty of any deceitful practices operating to the prejudice of Carol Phillips in the original divorce action.
The source of the court’s authority in awarding custody of children in divorce or separation proceedings is Lousiana Civil Code Article 157, which reads as follows:
“In all cases of separation and of divorce the children shall be placed under the care of the party who shall have obtained the separation or divorce unless the judge shall, for the greater advantage of the children, order that some or all of them shall be entrusted'to the care of the other party. The party under whose care a child or children is placed, or to whose care a child or children has been entrusted, shall of right become natural tutor or tutrix of said child or children to the same extent and with the same effect as if the other party had died.”
Several rules of interpretation and application of this article have been developed by the jurisprudence. In cases involving custody of children of tender years, the mother is afforded a preference unless she has been found unfit to have their custody. Messner v. Messner, 240 La. 252, 122 So.2d 90 (1960). A mother will not be deprived of this preference merely because she has been guilty of one or more isolated instances of adultery, providing she can show ability to properly care for the children and furnish a suitable home; McCaa v. McCaa, 163 So.2d 434 (La.App. 2d Cir., 1964), and cases following.
In the case of Decker v. Landry, 227 La. 603, 80 So.2d 91 (1955), the Supreme Court stated that a person seeking a change in a custody judgment must show not only fitness in themselves but that the conditions under which the children are presently living are detrimental to their welfare.
At the conclusion of the evidence on the trial of the original rule herein on July 30, 1969, the trial judge found plaintiff-in-rule had not shown any detrimental change in the manner in which the father of the children was caring for them. However, he granted a new trial to allow plaintiff-in-rule to present further evidence of how she had cared for the children during their extended visit with her in California. It appears the trial judge did not adhere rigidly to the “double burden” rule, but, to the contrary, sought all available evidence surrounding the comparative fitness of the opposing parties prior to concluding which home would be to the greater advantage of the children in accordance with the meaning of La.Civil Code Article 157.
We do not find it necessary to give a detailed summation of the evidence presented on the trial of the original rule and the additional evidence presented on new trial. The record reflects that from the period of April, 1967 through the date of the completion of the trial of the rule — March 12, 1970 — the children had actually been cared for by their mother for no more than eleven months. During the remainder of this period they were cared for by either the maternal or paternal grandmothers, or their father. James Phillips remarried in January, 1969, and since the return of the children to him in July, 1969 he and his present wife have cared for them at their residence in Bossier City. In this home there are two other children, the issue of a previous marriage of the present Mrs. Phillips. These minors are cared for part of the day in a nursery school while Mrs. Phillips is at work.
Although Carol Phillips testified on trial of the original rule that she had remarried on August 29, 1968, to Joe Brocato, she admitted at the second hearing that she did not legally marry Brocato until September 3, 1969. Appellant explained that she began dating Brocato at a time when he was married to but separated from his second *655 wife, and they began living together in August, 1968, just prior to leaving for California where Brocato was employed. She further testified that while they were living at various places in California in the summer of 1969, Brocato established the minimum residence in Nevada to obtain a divorce, thus removing the impediment to legal marriage. During the time the children visited their mother in California she was not married to Brocato.
Appellant argues the income of Phillips and his present wife is not sufficient to give the children the advantages that could be afforded in the home of appellant and her present husband. The evidence does reflect that Brocato earns approximately $18,500.00 a year (plus Christmas bonus and expense account), as compared to the combined earnings of Mr. and Mrs. Phillips of less than $8,500.00. The evidence shows that Brocato’s employment in construction, while clearly financially rewarding, requires frequent moves by the family.
It is not necessarily to the best advantage of children to be reared by the parent who can provide for them best financially. The traits of moral character exhibited by parents are likely to be reflected in their children as they grow up. Our brothers of the First Circuit expressed these principles so clearly in the case of Murray v. Murray, 220 So.2d 790 (La.App. 1st Cir., 1969), that we find it expedient to quote from their language as follows:
“ * * * To serve the best interest of the child, it is absolutely essential that the party having custody do more than merely satisfy the need for proper food, clothing and shelter. It is indispensable to a child’s welfare that he be taught both by word and example the principles of decency and commonly acceptable moral principles.”
Appellant admits in her own testimony that Phillips is a fit person to raise the children. The record is devoid of any evidence reflecting adversely on the character of Phillips or his present wife. To the contrary, it is established that they are furnishing not only the necessary physical care, but also the essential moral guidance and religious training for the children.
The allegations by appellant that the medical needs of the children have been neglected by the father on several occasions does not appear to be substantiated by the evidence.
To again uproot these children and change their home after this length of time would be giving priority to the jurisprudential maternal preference rule merely to protect the rights and desires of the mother, contrary to the spirit of Article 157 authorizing the court to consider only what is to the greatest advantage of the child.
Although appellant urges the surrender of the children by the father in September, 1968 is tantamount to a voluntary change in custody, we cannot agree. The evidence convinces us that at the time Phillips executed the notarial act prepared by appellant’s attorney, he understood appellant had legally married Brocato and was to take the children to California for a vacation visit in the Brocato’s new home. The evidence corroborates Phillips’ testimony that he made every effort to get the children back after he determined appellant had no intention of returning them in accord with their alleged agreement.
The trial judge concluded, in reasons dictated into the record at the conclusion of the taking of evidence on the new trial, that the plaintiff-in-rule not only had failed to prove any detrimental change in the care being afforded by their father, but also had failed to establish her own fitness to have custody.
On the basis of the evidence in the record, we concur with the conclusion reached by the trial judge.
For the foregoing reasons, the judgment appealed from is affirmed at appellant’s cost.