CULPEPPER, Judge.
This is a suit for separation from bed and board on the grounds of cruelty and other incidental relief. The district court rendered judgment of separation in favor of the plaintiff wife, dissolved the community of acquets and gains, recognized plaintiff as the owner of an undivided one-half interest in the community property, enjoined the husband from disposing of any community property pending a partition thereof, awarded custody of the minor child to the mother and awarded alimony. The defendant husband suspensively appealed the judgment insofar as it decrees a separation from bed and board and devolutively appealed as to the other issues.
This case was consolidated on appeal with Strother v. Strother, La.App., 248 So.2d 867, in which a separate judgment is rendered by us this date. That case is an action for divorce by the husband on the grounds of adultery and for custody of the minor child. Our decision in the companion case affirms the judgment of divorce rendered therein and awards custody of the child to the father. Hence, the judgment of separation, the custody award and the alimony awards incidental thereto are now moot and need not be considered.
The sole issue in the present case is the award to the plaintiff wife, of the sum of $1500 for her attorney’s fee.
The defendant husband cites Estrade v. Chandler, La.App., 211 So.2d 762 (4th Cir. 1968) and Glorioso v. Glorioso, 223 La. 357, 65 So.2d 794 (1953) which hold that the fee of the wife’s attorney in a suit for separation from bed and board is a debt of the community and not a personal obliga *867 tion of the husband and, furthermore, that in the absence of proof of the existence of community assets, there can be no award to the wife for attorney’s fees.
Defendant contends that no attorney’s fee for the wife can be awarded until an inventory of the assets and liabilities of the community is made. There is no inventory in the record. Testimony at the trial of the suit for separation from bed and board shows that the community owns the home in which plaintiff and defendant lived and also three rent houses, an automobile and a truck. It is apparent the trial judge considered the community assets sufficient to justify an attorney’s fee of $1500. In the leading case of Tanner v. Tanner, 229 La. 399, 86 So.2d 80 (1956) our Supreme Court considered the problem and held:
“In view of this conclusion and of our holding above that appellant as head and master of the community is liable for the attorney’s fees of appellee, and since the record shows that the community existing between these litigants had some assets from which the charge might be acquitted, the decree of the district court will not be disturbed.”
In the present case the record shows the community owns substantial assets from which the fee can be paid. It is true the evidence does not show the community debts and hence the net value is not yet known. However, the burden was on the defendant husband to show any liabilities of the community which would reduce the net value to the extent that such a fee is not warranted.
For the reasons assigned, those portions of the judgment appealed which relate to separation, child custody and alimony are now moot and have not been considered by us. That portion of the judgment which awards to the plaintiff wife the sum of $1500 for attorney’s fees, and also those portions which dissolve the community, recognize the wife as the owner of an undivided one-half and enjoin the husband from disposing of any community property pending a partition thereof, are affirmed. All costs in the lower court, as well as the costs of this appeal, are assessed against the defendant appellant.
Affirmed, as amended.