268 So.2d 114 (1972)
Elmo JOHNSON, Plaintiff-Appellee,
v.
Wilma Jean JOHNSON, Defendant-Appellant.
No. 3993.
Court of Appeal of Louisiana, Third Circuit.
October 27, 1972.
*115 Roche & Rougeau, by Alvis J. Roche, Lake Charles, for defendant-appellant.
Hall & Coltharp, by W. E. Hall, Jr., DeRidder, for plaintiff-appellee.
Before FRUGE, CULPEPPER and DOMENGEAUX, JJ.
DOMENGEAUX, Judge.
This is a suit for divorce on grounds of adultery filed by plaintiff-appellee husband, Elmo Johnson, against his wife, Wilma Jean Johnson, and for custody of the two minor children born of the marriage, namely, Anita Johnson and Richard Johnson. A divorce a vinculo matrimonii was granted in favor of the husband and he was likewise granted custody of the two minor children.
This case was consolidated for trial, (and also for consideration on appeal) with a separation suit on grounds of cruelty filed by the wife against her husband, entitled Johnson v. Johnson (our number 3992) 268 So.2d 119, in which a separate judgment is being entered by us this date. In that suit she also prayed for custody of the children. Her demands were denied by the trial court.
The wife appeals, claiming error on the part of the trial judge in granting her husband a divorce and holding that there was sufficient circumstantial evidence to sustain a finding of adultery; in denying her a legal separation; and in granting permanent custody of the two minor children to her husband.
We affirm the judgments of the trial court.
Elmo Johnson and Wilma Jean Johnson were married on December 23, 1959, in Beauregard Parish, Louisiana, and they lived together in said parish from that date until they became finally separated, on or about October 14, 1970. Two children were born of the marriage, namely, Anita, now aged 9, and Richard, now aged 4. The husband is fifty-three years of age and the wife is twenty-nine years of age. Upon their final separation Mrs. Johnson moved to Orange, Texas, taking with her the two children. Prior to this she had filed her separation suit on April 7, 1970, *116 claiming cruelty; however, on February 3, 1971, she filed an amending and supplemental petition wherein she alleges a brief reconciliation with her husband and additional cruel treatment allegedly occurring on October 14, 1970, and reiterates her request for a legal separation. Responsive pleadings were filed by the husband and the court heard the usual rules on custody and alimony which are not relevant to these appeals.
The trial of the separation suit was held on June 14 and 16, 1971, and as well as we can determine from the record, was not completed. In the meantime, on September 1, 1971, the husband filed the present divorce suit. By agreement of counsel, the divorce suit was consolidated with the separation suit and trial thereon was held on October 11, 1971.
The evidence shows that Mrs. Johnson moved to Orange, Texas, shortly after October 14, 1970, and on November 23, 1970, she secured an apartment for herself and her children in the Riverside Apartments. The management required a lease agreement, and a photostatic copy of the lease application and of the lease agreement were filed in evidence. The application is shown to be in the name of Allen Dale Terrell, is dated November 23, 1970, shows his Social Security Number, and his previous address to be Merryville, Louisiana, and that he had been living with his parents in Merryville, and that the reason for moving to Orange was because of his changing jobs. It further shows that he is employed by Chemical Express, Echo Plant, Orange, as a serviceman. It includes his two business telephone numbers, and the name of his immediate superior. It further indicates that the apartment would be occupied by Allen Dale Terrell, Jean Terrell, Anita Terrell and Richard Terrell. It is signed by Allen Dale Terrell. The lease agreement is also dated November 23, 1970, and shows Allen Dale Terrell as tenant of Apartment No. 502, 1114 Avenue A, and is likewise signed by Allen Dale Terrell.
An extract copy of the 1971 City Directory for Orange, Texas, was admitted in evidence without objection and carries the following information:
Terrell, Dale (Jean) mech.
Chem. Express, h 1114 Avenue A
At the time of the separation trial in June of 1971, Mrs. Johnson testified that she was living at 303 Martha Avenue in Orange, Texas. On cross-examination she stated that she knew Allen Dale Terrell but denied ever living with Terrell at the apartment in Orange. She testified that Terrell lived at "1114 Avenue A, Orange, Texas." At the time of the October, 1971, trial she admitted that she had lived at 1114 Avenue A, Riverside Apartments, Orange, Texas, since November of 1970, and also admitted that she testified falsely in June, when she said that she had been living with her sister-in-law at 303 Martha Avenue in Orange, Texas, when in truth she had been living at the Riverside Apartments.
Mrs. Johnson admitted that since November of 1970 she had resided at 1114 Avenue A, Riverside Apartments, Orange, Texas, with her two children. She stated that she knows Allen Dale Terrell and that he is a friend of the family and that he worked at the Chemical Express Plant in Orange, Texas. She denies, however, that Mr. Terrell lives at the same apartment with her and her children. Concerning the lease agreement for the apartment she testified that she filled it out in her own handwriting and wrote her name as "Mrs. Wilma Jean Terrell" and those of her two children as "Richard Terrell and Anita Terrell". She admits that Mr. Terrell visits the apartment but says he does not sleep there. She testified that she is known to the management of the Riverside Apartments as Mrs. Wilma Jean Terrell, the wife of Allen Dale Terrell. When questioned as to why she practiced this obvious deception and subterfuge, she explained that she understood, not from the Riverside management, but from others whom *117 she did not name, that it was necessary to be married in order to obtain rental accommodations in the Riverside Apartments. Further, concerning the lease agreement she testified that she wrote the information out in her own handwriting and that Mr. Terrell signed same. As indicated above, the apartment is identified as a two-bedroom apartment to be occupied by four people, namely Allen Dale Terrell, Mrs. Jean Terrell, Anita Terrell, and Richard Terrell.
Mr. Charles Adreon, a private investigator employed by Elmo Johnson, testified that on August 14, 1971, he went to Apartment 502, Riverside Apartments, 1114 Avenue A, Orange, Texas, and identified Mrs. Johnson as the person to whom he spoke. He represented himself as an insurance adjuster attempting to locate a third person. Mrs. Johnson introduced herself to Mr. Adreon as "Mrs. Terrell". He testified that he had a rather lengthy conversation with Mrs. Johnson and that she told him that she and her husband, Mr. Terrell, and her family had lived at that apartment at Riverside since November, 1970, and since that time she had never received any mail addressed to or inquiries of any prior occupant. Mr. Adreon also testified that on two occasions, once on July 13, 1971, and again on July 21, 1971, he identified Mr. Terrell as being on the front porch of the apartment and on the second occasion in the front yard of the apartment, and that on the latter instance Mr. Terrell had Mrs. Johnson's son Richard with him.
Elmo Johnson testified that his wife called him many times by telephone collect from Orange, Texas, at the family home in Merryville, Louisiana. He determined that most of the calls originated from telephone number XXX-XXX-XXXX, a telephone number" assigned to the Riverside Apartments in Orange, Texas, as this number was designated on his telephone bill. On one occasion he called for his wife at the designated number in Orange, Texas, and the phone was answered by a man. Upon asking the male at the Texas number to allow him to speak to his wife, she spoke to him, and was greately disturbed as to the manner in which her husband had secured her Texas telephone number.
The foregoing evidence clearly indicates Mrs. Johnson's intent to be regarded by the general public as the wife of Allen Dale Terrell. She in fact so holds herself out in her present community in Orange, Texas. Mr. Terrell has been seen at the residence apartment in question on more than one occasion, behaving in a manner not unlike that which would be expected of her husband and the father of her children. She further admits that he is a frequent visitor to her apartment though she denies that he sleeps there.
Mrs. Johnson's propensity to be less than truthful under oath is well demonstrated by her denial that she was living at the Riverside Apartments in June of 1971, during the separation trial, and her admissions during the divorce trial that she had been residing at those apartments since November of 1970.
She failed to call her alleged corespondent to testify on her behalf when by her own testimony he is a close friend and frequent visitor. Of significance also is Mrs. Johnson's testimony that even though Allen Dale Terrell was named as corespondent in these proceedings she failed to so inform him of that fact.
The trial judge obviously rejected Mrs. Johnson's testimony regarding her virtuous version of her relationship with Terrell. This he had every right to do as the determination of credibility of the witness is a function resting within the discretion of the trial court. Further, in view of all of the evidence presented in this case, particularly the facts that Mrs. Johnson admittedly gave false testimony at the separation trial, that she failed to call Terrell as a witness, and that she holds herself out in her community as being the wife of Terrell, we cannot say that the trial judge erred, manifestly or otherwise, in his evaluation *118 of her credibility. We therefore concur in his determination.
In actions for divorce, courts must take such evidence as the nature of the case presents, circumstantial, direct, or positive, and bring to bear upon it, the experiences and observations of life, and thus, weighing it with prudence and care, give effect to its just preponderance. Guidry v. Allemand, 216 La. 288, 43 So.2d 611.
The evidence remaining, once Mr. Johnson's testimony is rejected, makes it clear that she is living in open concubinage with Allen Dale Terrell in Apartment 502 of the Riverside Apartments, 1114 Avenue A, Orange, Texas, and has been doing so for quite some time. Certainly no other reasonable conclusion is possible, absent her denials, and hence the point is legally proved. Proof of the open concubinage likewise satisfies the requirements for proof of adultery. Adams v. Hurst, 9 La. 243. We agree, therefore, with the trial court that the facts established by Mr. Johnson in his effort to prove the act of living together are sufficient to prove adultery on the part of his wife.
Acts of adultery can be proved by circumstantial and indirect evidence. Havens v. Havens, La.App., 236 So.2d 260; LaTour v. Fuselier, La.App., 228 So.2d 336; Morris v. Morris, La.App., 152 So.2d 291; Kieffer v. Heriard, 221 La. 151, 58 So.2d 836; Coston v. Coston, 196 La. 1095, 200 So. 474. Such evidence, however, must be so convincing as to exclude any other reasonable hypothesis but that of guilt. LaTour v. Fuselier, supra; Daigle v. Daigle, La.App., 222 So.2d 318; Hayes v. Hayes, 225 La. 374, 73 So.2d 179.
Accordingly, under the facts presented herein and according to our jurisprudence, the trial judge was not in error in awarding Mr. Johnson a divorce on grounds of adultery.
On the question of the trial court award granting permanent custody of the two minor children herein to the husband, several well established jurisprudential rules are applicable here. In the case of Strother v. Strother, La.App., 248 So.2d 867, we said:
". . . Under LSA-C.C. Art. 157, which provides for custody of children after divorce, the paramount consideration is the welfare and best interest of the child. Under this rule, custody of minor children should be awarded to the mother unless she is found to be morally unfit or physically or mentally incapable of taking care of them. See Kieffer v. Heriard, 221 La. 151, 58 So.2d 836; Sampognaro v. Sampognaro, 215 La. 631, 41 So.2d 456; and Salley v. Salley, 238 La. 691, 116 So.2d 296 (1959). Proof of one act of adultery, or even of several acts with the same paramour, does not necessarily render morally unfit a mother who is otherwise suited for custody, Salley v. Salley, supra, Estopinal v. Estopinal, 223 La. 485, 66 So.2d 311; Messner v. Messner, 240 La. 252, 122 So.2d 90. However, where the mother has recently lived in open and public adultery with her paramour for a substantial period of time, in total disregard of the moral principles of our society, the courts have generally held the mother is morally unfit for custody. See Salley v. Salley, supra; Sampognaro v. Sampognaro, supra; Brunt v. Brunt, La.App., 166 So. 2d 71 (3rd Cir. 1964); West v. West, La.App., 170 So.2d 160 (2d Cir. 1964); Tuggle v. Tuggle, La.App, 235 So.2d 166 (2d Cir. 1970); Morris v. Morris, La.App., 152 So.2d 291 (1st Cir. 1963). In custody cases, much discretion is left to the trial judge, but his decision is subject to review by the appellate court and will be upset where clearly erroneous. See the Salley, Sampognaro and Morris cases cited supra."
The facts show that Mrs. Johnson has lived for a substantial period of time in open concubinage with Allen Dale Terrell and that her two minor children lived with them in the same household. This case does not fall within the jurisprudence *119 holding that indiscretions resulting from transitional and momentary weakness are not necessarily indicative of unfitness for custody.
The trial judge determined that the best interest of the children will be served by allowing custody to the father. We agree. The record shows that the father can supply the children with the necessities as well as the comforts and conveniences necessary to their upbringing. He has the necessary housing accommodations and indicates that while he is at work the children will be attended to by his sister who lives immediately adjacent to his home, and if necessary he can hire someone to help in this requirement.
For the above and foregoing reasons the judgment of the trial court is affirmed at appellant's costs.
The conclusions herein reached and the judgment herein decreed render moot Mrs. Johnson's appeal in her separation suit, consolidated herein, our number 3992, 268 So.2d 119.
Affirmed.