286 So.2d 390 (1973)
Janice Smith LAMBERT
v.
Marlin S. LAMBERT.
No. 9541.
Court of Appeal of Louisiana, First Circuit.
November 12, 1973.
Jack N. Rogers, Baton Rouge, for appellant.
Roy L. Wood, Amite, for appellee.
Before LANDRY, ELLIS and PICKETT, JJ.
LANDRY, Judge.
This appeal by Janice Smith Lambert (Appellant) is from a judgment awarding permanent care, custody and control of her five year old child, Crystal Decenia Lambert, to the child's father, Marlin S. Lambert (Appellee). We affirm.
On June 29, 1971, Appellant obtained a separation from bed and board from her said husband and was awarded temporary care, custody and control of the child, Crystal. Thereafter, Mr. Lambert instituted suit against and obtained a judgment of divorce from Appellant on the ground of adultery with a named corespondent. The judgment of divorce did not award custody of the child to either parent. Appellee then caused a rule to issue to determine the question of custody. Pursuant thereto, Appellee was awarded the child's permanent care, custody and control by judgment signed February 26, 1973, from which judgment this appeal ensued.
*391 The sole issue presented is the mother's fitness to be awarded custody. It is well settled that the mother has the paramount right to control of a child of tender years absent proof that she is morally or otherwise unfit. McManus v. McManus, La.App., 250 So.2d 498.
Equally well established is the rule that one or more isolated cases of adultery does not suffice to deprive the mother of her right to custody of children of her marriage. Phillips v. Phillips, La.App., 244 So.2d 652.
In custody cases the most important, if not the sole concern of the courts, is the best interest and welfare of the child or children concerned. Murray v. Murray, La.App., 220 So.2d 790; West v. West, La.App., 170 So.2d 160.
A mother is unfit to be awarded the custody of children when it is shown that she has consistently engaged in a course of open and public indiscretions in defiance and disregard of generally accepted moral principles. In such instances, custody will be awarded to the father or other party lawfully entitled thereto. Johnson v. Johnson, La.App., 268 So.2d 114; Strother v. Strother, La.App., 248 So.2d 867.
In custody cases, broad discretion is vested in the trial court, and its determination in such matters will not be set aside unless it be shown there has been a clear abuse thereof. Strother v. Strother, above; Siggio v. Siggio, La.App., 217 So. 2d 673.
The evidence discloses that at the time Appellee obtained a divorce from Appellant on the ground of adultery, Appellant and her daughter were living in a trailer situated on land belonging to Appellant's parents. The trailer was located approximately 50 yards from the parents' residence. The record also establishes that the named corespondent in the divorce action was either living openly with Appellant in the trailer or was a frequent visitor.
Subsequent to the divorce, Appellant severed her relationship with the corespondent and began living with a man who was legally separated, but not divorced from his lawful wife. The record discloses that this individual lived openly with Appellant and her daughter in the trailer. His automobile was seen parked next to Appellant's automobile in the vicinity of the trailer frequently, both day and night. On two occasions, Appellee, together with his brother and an acquaintance kept the trailer under surveillance and observed Appellant's paramour leave early in the morning, after having spent the night in Appellant's trailer. The record also establishes that the paramour brought the child Crystal with him on numerous occasions when he went to his wife's home to pick up his young son for a visit. Appellant admitted she frequently kept the paramour's son at her trailer.
Since his divorce from Appellant, Appellee has remarried. His present wife is willing to accept the child into the home and assist in caring for and rearing the child. The record convinces us, as it did the trial court, that the best interests of the child, Crystal, will be served by placing her in the care and custody of her father. We find no abuse of discretion on the part of the trial court in relation to this matter. On the contrary, we hold the decision appealed from to be eminently correct.
The judgment of the trial court is affirmed at Appellant's cost.
Affirmed.