MILLER, Judge.
Defendant Nancy Cook Miller appeals the grant of permanent custody of her four year old daughter, Katrina, to the child’s father, plaintiff Kenneth Miller. We affirm.
Kenneth and Nancy were married on April 23,1971; of their union, one child was born. On December 28, 1975, Nancy took her child and abandoned her husband. Kenneth filed suit for separation based on the abandonment, and at a hearing in which he sought custody, he was awarded provisional custody. After trial, Kenneth was awarded the legal separation and in that judgment, he was awarded permanent custody of Katrina.
The appeal presents only one issue: Did the trial court commit manifest error in awarding child custody to the father?
Although there was no finding of unfitness, the decision to deny the mother’s claim for custody was based on her inability or unwillingness to look after her child’s best interest. The mother was emotionally unstable; she exhibited attention-seeking behavior, disorderly housekeeping habits, and an unwillingness to look after her child’s day to day needs. There was substantial evidence in the record to support the trial court’s conclusion that the mother's custody could be detrimental to the child’s healthy growth and development.
The mother planned to care for her child in her father’s home. He was disabled from acute emphysema and could barely walk. There were only two beds in the home and if custody was awarded to the mother, there would be six people living in the home. The mother frankly admitted she was not concerned with keeping her home surroundings clean.
On the other hand, the father presented a workable and desirable plan to care for his daughter. His mother testified she and her husband were anxious to care for her granddaughter and would reside in the father’s well provisioned home. Kenneth is a police officer and was convincing in his testimony that hé has been and will continue to be properly concerned for his child’s welfare.
The essential consideration in custody matters is the child’s welfare and best interest. Nethken v. Nethken, 307 So.2d 563 (La.1975); Berry v. Berry, 307 So.2d 821 (La.App. 3 Cir. 1975); LSA-C.C. art. 157. Although the mother has a preferred right to the custody of children of tender years, the primary, if not the sole concern of the courts is the welfare of the child. Lambert v. Lambert, 286 So.2d 390 (La.App. 1 Cir. 1973). See Comment at 49 Tul.L.Rev. 189 (1974); Note at 34 La.L.Rev. 881 (1974).
In child custody matters, the trial court’s decision is entitled to great weight. Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971); Berry v. Berry, 307 So.2d 821 (La.App. 3 Cir. 1975); Malone v. Malone, 271 So.2d 598 (La.App. 1 Cir. 1972). The trial court is in a better position to evaluate the child’s best interest because of his total overview of the conduct, character of the parties and the child, and of community standards. His discretion on the issue will not be disturbed on review absent a clear showing of abuse. Malone v. Malone, 271 So.2d 598 at 600. See also Nugent v. Nugent, 232 So.2d 521 (La.App. 3 Cir. 1970).
*544 As in Nethken v. Nethken, supra, the trial court determined that the mother’s preference must give way to the paramount right and best interest of the child; in so doing, the trial court did not abuse his discretion by refusing to give an automatic conclusive preference to one parent on the basis of sex.
The trial court judgment is affirmed at appellant’s cost.
AFFIRMED.