369 So.2d 1072 (1979)
Granville Ray CLEETON
v.
Sonja Petersen CLEETON.
No. 12439.
Court of Appeal of Louisiana, First Circuit.
February 12, 1979.
*1073 Philip P. Spencer, New Orleans, for plaintiff appellant.
Wendell E. Tanner, Slidell, for defendant appellee.
Before LANDRY, COVINGTON and PONDER, JJ.
LANDRY, Judge.
Plaintiff (Appellant) appeals from judgment granting defendant (Appellee) custody of three minor children of the marriage between these parties, which union was dissolved by divorce granted Appellant on the grounds of Appellee's adultery. The trial court granted Appellee custody of the children, Christine Cleeton, age 15 years, Carla Cleeton, age 10 years, and Cynthia Cleeton, age 7 years, upon finding that admitted acts of adultery by defendant did not render her morally unfit to retain custody granted her in a prior separation action between the parties. We reverse and award custody to Appellant.
The parties separated in May, 1976. Appellee retained physical custody of the children. A suit for separation resulted in a consent judgment by the trial court granting custody of the children to Appellee, awarding alimony for Appellee and the children, and fixing Appellant's visitation rights. After the separation, Appellee established a household for herself and the children. Since about November, 1977, Appellee has resided with the children in a three bedroom apartment in Slidell, Louisiana. On March 20, 1978, Appellant instituted this action for divorce.
Appellee's present living quarters is a split level apartment with two bedrooms on the upper level and one bedroom on the lower floor. Appellee occupies the lower floor bedroom; the children are assigned the upper level sleeping accommodations.
*1074 By Appellee's own admission she had permitted one Dave Breedlove, a married man living separate from but not judicially separated from his own wife and children, to spend the night with Appellee once each week while the children were in the home. She acknowledged also that Breedlove spent New Years Eve, December 31, 1977, with her in the apartment while the children were present and that he spent the Mardi Gras season, February 3 through February 7, 1978, with her, at which time the children were like wise present. Additionally, Appellee acknowledged that on at least two occasions she took weekend trips with Breedlove while the children were visiting Appellant. Appellee concedes that Breedlove kept toilet articles and clothing in her apartment; that he took Appellee and the children to dinner and on recreational excursions; and that he bought the children some clothing.
It is shown, however, that the children are being maintained in school; that all three are achieving grades commensurate with their respective abilities; that the girls are well fed and clothed; and, that the children attend church about as regularly as they did when the parties were living together. Appellant earns approximately $31,000.00 per year as manager of a chain store. His work requires his absence from home Mondays through Fridays, from 8:00 A.M. to 5:30 P.M., and on alternate Saturdays. Appellant is willing to care for the children and, if granted custody, he will provide a suitable home which will be supervised by Appellant's mother until Appellant can secure a proper housekeeper.
The trial court concluded that, notwithstanding Appellee's admitted adultery committed while the children were in the home, Appellee was nevertheless entitled to retain custody because the children were being well cared for insofar as concerned their physical needs and also because there was no showing that the children were aware of the full import of Appellee's conduct or that the children had been adversely affected thereby.
It is well settled that in matters of child custody trial courts are vested with considerable discretion which is not to be set aside on appeal save in a case of manifest error. Lambert v. Lambert, 286 So.2d 390 (La.App. 1st Cir. 1973).
In custody matters, especially those involving children of tender years, the mother is preferred and will be awarded custody unless she is shown to be unfit; but in all custody cases, the paramount consideration of the court is the welfare of the children concerned. Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (La.1971).
The best interest of children involves more than mere fulfillment of their physical needs for food, clothing, shelter and education. It is of utmost importance that children be taught by word and example the principles of decency and commonly accepted social and moral standards and concepts. Murray v. Murray, 220 So.2d 790 (La.App. 1st Cir. 1969).
Moral values of parents are likely to be reflected in their children on attaining adulthood. Phillips v. Phillips, 244 So.2d 652 (La.App. 2d Cir. 1971).
Under circumstances somewhat similar to those involved herein, we held, in Murray v. Murray, supra, that the mother was unfit to have custody.
We are also aware of the heavy burden incumbent upon one seeking to change custody in that it must be established not only that the present circumstances are harmful to the physical or moral welfare of the children concerned, but also that the party seeking change of custody can provide a better and more wholesome atmosphere for the children.
We have no hesitancy in concluding that Appellee's actions established an unwholesome home atmosphere for the children involved herein. Appellee made no effort to conceal her illicit relationship with Breedlove until such time as Appellant instituted the divorce action. In effect, Appellee placed Breedlove in the position of loco parentis to the children by allowing him to share her apartment one night each week; to maintain clothing and personal *1075 effects therein as if he resided there; to entertain the children and Appellee as a family unit; and to virtually conduct himself as though he were the head of the family. We believe that such conduct created an unwholesome situation and was grossly harmful to the moral welfare of the children. Morris v. Morris, 152 So.2d 291 (La.App. 1st Cir. 1963).
We find that Appellant has discharged the burden incumbent upon him and that he is entitled to the permanent care, custody and control of the children involved, and that the trial court erred manifestly in deciding otherwise.
It is ordered, adjudged and decreed that the judgment of the trial court awarding Appellee permanent care, custody and control of the minors Christine Cleeton, Carla Cleeton and Cynthia Cleeton, be and the same is hereby annulled, reversed and set aside and judgment rendered herein granting Appellant, Granville Ray Cleeton, permanent care, custody and control of the said minors Christine Cleeton, Carla Cleeton and Cynthia Cleeton.
It is also ordered, adjudged and decreed that this matter be and the same is hereby remanded to the trial court for fixation of visitation rights of Appellee, Sonja Petersen Cleeton; all costs of these proceedings to be paid by Sonja Petersen Cleeton.
Reversed and remanded.